## THE CONDE WIFREDO.

### SMITH v. THE CONDE WIFREDO.

(Circuit Court of Appeals, Fifth Circuit. May 26, 1896.)

No. 485.

1. SHIPPING—INJURY TO LABORER—ATTACHMENT.
   A claim for personal injuries received while stowing cargo is not one which will support an attachment under the laws of Louisiana, or justify the libeling of another ship of the same owners.

2. SAME—LACHES—SUITS IN REM AND IN PERSONAM.
   Failure to sue foreign owners, upon whom service may ·be had through an agent, for a period of 16 months, and until the first return of the ship to port, for personal injuries received while stowing cargo, is not such laches as will prevent the maintenance of a suit in rem, where no other liens or rights have intervened; for, by suing in personam, the injured party would be compelled to waive his lien, and rely on a personal judgment against nonresident foreigners.

3. SAME—PLEADING.
   A libel in rem to recover damages for personal injuries alleged that libelant was "engaged in the service of the ship. on board, in the work of loading said vessel," and, while so engaged in the hold, the mate, captain, or

*other officer in authority negligently rigged a gangway over the hold, and across the hatch, for the purpose of wheeling coal for coaling the vessel; that the hatch was negligently left open and unguarded; and that the mate, captain, etc., "caused wheelmen to wheel coal over said gangway, and over the said open hatch," when, without warning, a lump of coal fell upon libelant, and injured him. Held, that this was not sufficient to charge the ship, as there was no sufficiently direct allegation that libelant was in the employ of the ship, or that the dangerous appliances were furnished and placed by the ship's officers, rather than by independent stevedore contractors.*

Appeal from the District Court of the United States for the Eastern District of Louisiana.

B. R. Foreman, for appellant.
Guy M. Hornor, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

McCORMICK, Circuit Judge. The appellant, Noah Smith, libeled the steamship Conde Wifredo in a cause of tort and damage, civil and maritime, claiming $10,000, for injuries received while engaged on board in the service of the steamship, loading cargo, alleging that the injuries were caused by the negligence of the officers and servants of the vessel. The injuries were received May 22, 1894. The libel was exhibited October 21, 1895. The vessel was seized, and duly released to the owners on claim and bond. The claimants excepted to the libel, and pleaded: (1) That it set forth no cause of action against the vessel; (2) that it presented no cause of action justifying procedure in rem under the admiralty and maritime jurisdiction of the district court; (3) that the cause of action is stale, and is barred by the lapse of time. The judge, on considering these exceptions, made an order that the exceptions be maintained and the libel dismissed, unless, within five days, the libelant file an amendment "stating, under oath, the reason why he failed to bring an action in personam before the expiration of the time [one year] fixed by the state law for the limitation of such an action as the present one." An amended libel was filed, and, on exceptions to it, the district court referred the matter to a commissioner to take testimony; which being done, and the cause coming on for hearing on the exceptions to the amended libel, it was decreed that the exceptions be sustained, and that the libel and amended libel be dismissed, on the ground of staleness of claim.

We do not concur in this view of the case. The ship is a foreign vessel. Her owners are all aliens, and reside in Europe, and were not in the district or within reach of the process of the court from the time the injury was received until the libel was exhibited. The claim is not one that will support attachment under the laws in Louisiana. It could not justify the libeling of any other ship of the owners, even if the appellant had known or was charged with knowledge of what persons were the owners of the Wifredo, and

that these persons were also the owners of other ships entering the port of New Orleans monthly during the 17 months that elapsed from the infliction of the injury to the exhibiting of the libel. If it be conceded that the owners had other vessels in the port of New Orleans, and also had an agent in the same port during the year following the libelant's injuries, so that libelant could have prosecuted a libel in personam, securing service through the agent or by attachment of other vessels, still the libelant cannot be charged with laches for not proceeding in personam, because thereby he would have been compelled to waive his lien, and rely upon a general judgment against foreign owners. The vessel had been for two years before May 22, 1894, making regular round trips between New Orleans and various European ports, on an average time of three or four months to each trip. A few days after the date of appellant's injury, the vessel sailed, and was not again in the port of New Orleans, or in any other port of the United States, until one or two days before the exhibition of the libel. No change of ownership divesting or even affecting liens in the meantime supervened. The appellant had promptly taken advice of a lawyer of reputation, and had kept constant watch for the vessel's return, and for an opportunity to prosecute his claim; and, if his cause of action is otherwise good, we are clear that his demand is not stale, nor lost by lapse of time.

The evidence taken and brought up is confined to the issue of stale claim, but we know from the custom of trade, and from what incidentally appears in the evidence, that independent stevedore contractors were loading cargo into the steamship, and it also appears from the evidence that the firm of Brown & Jones or Brown & Sons were coaling her. The allegations of the libel are that appellant was engaged in the service of the ship, on board, in the work of loading the vessel; that while he was engaged in the hold of the ship, loading it, the mate, captain, or other officer in authority carelessly and negligently rigged a gangway right over the combing of the hatch, for the purpose of wheeling coal, and coaling the vessel; that the hatch was left open, unguarded and unprotected, and the captain, mate, or other officers in authority, and having the management of the ship, and of her loading and coaling, caused wheelers to wheel coal over the gangway, and over the open hatch, where libelant was below, in the hold, stowing the cargo, when suddenly and without warning a large lump of coal fell on him, causing a sever fracture of his skull. These allegations are not sufficient to charge the ship. It must appear by direct allegation that the libelant was in the employment of the ship, and that the ship furnished and put to use a gangway that was not reasonably safe, and that the injury occurred by reason, partly, of the defective and dangerous appliance furnished for use by the ship. No argumentative conclusion of law or of fact drawn by the pleader's mind from the general duties of the ship's officers, and the fact that she was then receiving cargo and coal, is sufficient to charge her with liability

for this injury. If this dangerous appliance was in fact put in by the coalers for their use in coaling, the ship would not be bound. The libelant must therefore show that the ship undertook to furnish, and did furnish, the gangway appliance, and place it in such situation and order that it was not reasonably safe for the use to which it was to be, and was, put. Therefore, unless the libelant can and does so amend as to charge the ship in the manner just indicated, his libel must be dismissed, on the first ground of exception taken by the claimant.

The decree appealed from is reversed, and the case is remanded to the district court, to be proceeded with in accordance with the views expressed in this opinion; each party to pay the costs in this court.

## On Motion for Rehearing.
### (June 9, 1896.)

PER CURIAM. In this case the court below dismissed the libel, on an exception of staleness of demand, but did not pass upon other exceptions. In our decision we held that the court below erred in this respect, and that the demand was not stale; but, considering other exceptions, we held that the libel, as amended, did not set forth a cause of action. A rehearing has been applied for, to permit this last question to be reargued. A majority of the judges who participated in the decision desiring a reargument as to the sufficiency of the amended libel, a rehearing is granted for that purpose, and the cause is continued to the first day of our next term.

## On Rehearing.
### (November 24, 1896.)

In this case the court below dismissed the libel, on an exception of staleness of demand, not passing on the exception of no cause of action. On the hearing at the last term, it was held that the demand was not stale, and to that extent the decree of the court below was ordered reversed; but the court, in passing on the exception of no cause of action, held that the libel was deficient. To permit the latter question to be reargued, a rehearing was granted, and the case continued to this term.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

PARDEE, Circuit Judge. The libelant, alleging himself to have been in the service of the ship Conde Wifredo, sues in rem to recover damages for injuries resulting from improper machinery and appliances used on the ship in coaling, while cargo was also being loaded and stowed. In such cases the ship can only be held liable for injuries received by an employé when the injury resulted from defective machinery or appliances furnished by the ship, or from the negligent handling or management of either the machinery or

appliances, under the direction of the master. The libel in the present case contains no sufficient allegation that the ship was responsible for the machinery and appliances or the defective handling of the same. In that respect the charge is "that the mate, captain, or other officer in authority carelessly and negligently rigged the gangway right over the hold across the hatch, for the purpose of wheeling coal, and to coal the said vessel; and the hatch was carelessly and negligently left open, unguarded and unprotected, and the captain, mate, or other officers in authority, and having the management of said ship; and her loading and coaling, then and there caused wheelers to wheel coal over said gangway, and over the said open hatch, where libelant was below in the hold, stowing the cargo." This allegation is not sufficiently specific to charge the ship with responsibility for libelant's injuries. The libel in other respects is too general, and leaves too much to be inferred. The relation of the libelant to the ship is declared as follows: "Your libelant was engaged in the service of said steamship, on board, in the work of loading said vessel." This is averring a conclusion of fact. The libel should show the facts with regard to the employment of the libelant in the service of the ship, by what party, and for what purpose, and leave the court to determine from such facts whether or not the libelant was employed in the service of the ship.

While the libel charges the improper location of a coal gangway over an open hatch, and the improper wheeling of coal over said gangway at the time the libelant was below in the hold, stowing cargo, and the libelant's injury from a lump of coal falling on him, he does not show that the coal which fell upon and injured him came from the gangway, or from any vehicle then being wheeled over the said gangway, but leaves the court to infer that the libelant was stowing cargo directly under the open hatch, and the coal which fell upon him and injured him came directly from the gangway under which he was working, or from some barrow overloaded or carelessly wheeled over the said gangway, and then find that the falling of the coal was the direct result of the location of the gangway.

"The libel should be narrative, specious, clear, direct, certain, not general nor alternative." Dunl. Adm. Prac. 116, 118, quoting:

"The declaration must allege all the circumstances necessary for the support of the action, and contain a full, regular, and methodical statement of the injury which the plaintiff has sustained, with the time and place and other circumstances, with such precision, certainty, and clearness that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal plea; that there may be a complete finding of the issue; and that the court, consistently with the rules of law, may give a certain and distinct judgment."

Being of opinion that, to enable the libelant in this case to recover against the ship, he must prove, and therefore aver, that the appliances by which, or through the use of which, he was injured, were furnished by the ship directly or for the use of the ship under the authority of the master, that the same were defective under

the attendant circumstances and for the purpose intended, or were negligently handled under the direction of the master, and that the injury libelant received was caused by or through the use of such defective appliances, we are clear that the libel under consideration does not sufficiently state a cause of action against the ship. Therefore, unless the libelant can and does so amend as to charge the ship in the manner indicated, his libel must be dismissed, on the first ground of exception taken by the claimant. The decree appealed from is reversed, and the case is remanded to the district court, to be proceeded with in accordance with the views expressed in this and in our former opinion; each party to pay his own costs in this court.