## THE ATLANTIC.

### EDWARDS LUMBER & MFG. CO. v. MILLER.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1920.)

No. 3398.

1. TOWAGE ⇐⇒15(1)—LACHES IN BRINGING SUIT FOR INJURY TO TOW EXCUSED.
   Absence of a towing vessel from the district *held* to excuse delay in bringing suit against her for injury to her tow.
2. TOWAGE ⇐⇒11(2)—VESSEL LIABLE FOR INJURY TO TOW.
   A schooner, which undertook to tow a motorboat which was unseaworthy, and by a towline improperly attached to her steering gear, instead of at the bow, and libelant's agent, who delivered the boat and attached the line, both *held* in fault for her injury.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in admiralty by Thomas D. Miller against the schooner Atlantic; the Edwards Lumber & Manufacturing Company, claimant. From the decree, both parties appeal. Affirmed.

W. W. Young and Terriberry, Rice & Young, all of New Orleans, La., for claimant.

David Sessler and Bernard C. Shields, both of New Orleans, La., for libelant.

Before WALKER, Circuit Judge, and GRUBB and ERVIN, District Judges.

GRUBB, District Judge. This is an appeal and cross-appeal from a decree of the District Court in favor of libelant (appellee) for dam-

ages for injury done to a motorboat (the Nolco) through the negligence of the appellant company, which towed the Nolco from New Orleans to Biloxi. During the voyage the schooner Atlantic which had her in tow, encountered rough water, the motorboat started to sink, and was taken on board the schooner to prevent her from sinking, and the injury to her was then done, and it practically destroyed her value.

The appellant makes three contentions: (1) That the claim was unenforceable, because of staleness; (2) that the contract of towage was a purely gratuitous one; and (3) that there was no negligence on the part of the master of the schooner which would impose liability on the appellant.

[1] 1. The Nolco was delivered to the appellant, to be towed to Biloxi, on October 1, 1912. Notice of the injury done to her first reached appellee's agent about October 10, 1912. The libel was not filed until June 9, 1916. Soon after the injury, the appellee libeled a companion schooner, the Pacific, belonging also to appellant, under the impression that she was the schooner that towed the Nolco. That libel was dismissed upon the discovery of the error. From June 9, 1913, until February 11, 1916, the Atlantic did not come to New Orleans. Claim was presented in writing for the damage to appellant on behalf of appellee in December, 1912, and was finally declined by appellant on January 11, 1913. The absence of the schooner Atlantic from the district of the domicile of the person in charge of the motorboat for the appellee and of the appellee himself, and of the place of the making of the towage contract, excused the delay in filing the libel against her, under the circumstances recited.

2. There was a conflict between the witness Shields, for libelant, and the witness Edwards, for the libelee, as to the terms of the towage contract. Shields' testimony was to the effect that the service was agreed to be paid for on a basis thereafter to be agreed upon, and which was to be satisfactory to him. Edwards testified that it was to be gratuitous. The District Judge found that the agreement was that it should be paid for, and that it was not to be gratuitous. We see no reason for disturbing the finding of the District Judge, in this respect.

[2] 3. We think the record abundantly sustains the conclusion of the District Court that the master of schooner and the person who made delivery of the motorboat to the schooner were both to blame for the injury done her. The master of the schooner was in fault: (1) For undertaking to tow the motorboat when she was in an obviously unseaworthy condition for towing; (2) in undertaking to tow her with a line fastened to the steering gear in the cock pit, instead of at the bow; and (3) in the method used in putting the boat aboard the schooner, shown to have been a negligent one by the character of the injury, which could have been caused only by rough handling. We also concur in the conclusion of the District Court that the person in charge of the motorboat was in fault (1) in that he delivered the boat to the schooner, when she was in an unseaworthy condition for towing; and (2) in that he fastened the tow line to the steering wheel and delivered her to the schooner in that way to be towed.

The District Judge found the value of the boat to have been $250,

and further found that she was worthless after the occurrence. Being of the opinion that appellant and appellee were both at fault, he divided the loss equally between them, a result in which we concur.

It is ordered that the decree of the District Court upon both the appeal, and cross-appeal be affirmed.

Affirmed.