## THE CATHERINE.

### No. 15374.

District Court, E. D. New York.

May 11, 1938.

Macklin, Brown, Lenahan & Speer, of New York City (George B. Sullivan, of New York City, of counsel), for libelant.

Crowell & Rouse, of New York City, for intervener.

BYERS, District Judge.

This libel will be treated as though it pleaded a lien for repairs made to the barge Catherine between April 6, 1929, and July 24, 1930, by the libelant.

If the issue were one of pleading merely, the subject would bear discussion.

The intervener held a preferred mortgage which was perfected, recorded and endorsed as a preferred maritime mortgage on October 15, 1937, and duly filed in the office of the Collector of Customs of Albany in liber 14 of Preferred Mortgages, Folio 17.

That mortgage was duly foreclosed in this Court by appropriate proceedings, the barge was sold, and the proceeds of sale are held in the registry of this Court, the date of sale being March 8, 1938.

This libel was filed March 7, 1938, and an amended libel on April 18, 1938, for the purpose of reaching the proceeds of said sale.

The mortgagee has intervened in this cause in order to protect its rights, pursuant to order of April 8, 1938.

The only question for decision is whether the libelant was possessed of a lien against the barge by reason of the repairs so made.

The testimony for the libelant was commendably frank and created the impression that the repairs to the Catherine were made as pleaded, with only a secondary or remote purpose of asserting a lien; that is to say, it was never intended to enforce a right in rem so long as the owner might be able to make payments on account of his bill.

This he says he was unable to do after July 18, 1932. He operated four other barges, with varying degrees of success, but the facts as to repairs to them are not pertinent. As to the Catherine, later repairs were made at other yards and paid for.

The libelant sent his statement of account to his proctors on December 19, 1936, but no libel was filed until March 7, 1938.

The intervener's mortgage was prior so far as any one knew, at the time it was filed, to all liens against the Catherine, and if it were now to be subordinated to a secret lien for repairs, created in 1930 and not disclosed for over seven and one-half years, the result would be inequitable so far as the testimony discloses.

There was no arrangement shown for instalment payments (In re Marine Transit Corporation, 2 Cir., 94 F.2d 7) and the vessel has never been out of the state of New York since the repairs were made. Her customary voyages were in the canals and Hudson River, so that

at all times she has been amenable to process.

It may even be doubted if so dubious an intention to assert a lien only if some one else should take proceedings, is sufficient to establish more than the extension of credit to the owner.

The circumstances taken as a whole, including the lapse of time, require that the prayer of the intervening petition be granted, and that the libel be dismissed, with costs.

Settle decree.