[Civ. No. 6204.   Third Appellate District.—October 7, 1940.]

A. L. RIDGWAY, Appellant, v. SARAH S. SALRIN et al.,
Respondents.

Manwell & Manwell for Appellant.

Rich & Weis and Carlin & Fuidge for Respondents.

THOMPSON, J.—In this proceeding to foreclose a mortgage the plaintiff has appealed from a judgment which was rendered against him to the effect that he take nothing in this suit for the reason that the action was barred by the provisions of section 337 of the Code of Civil Procedure.

It is contended the statute of limitations was tolled by the provisions of section 351 of the Code of Civil Procedure for the reason that the respondent, Sarah S. Salrin, the sister of plaintiff, to whom the mortgaged premises were conveyed by the mortgagor after the vesting of the mortgage lien, was at all times a resident of the state of Ohio. It is also asserted the defense of the statute of limitations was improperly pleaded in the answer by failure to designate the particular

subdivision of section 337 of the Code of Civil Procedure upon which the respondents rely as a bar to the action.

The cause was determined on a written stipulation of facts. It appears that the defendants, Annie E. Ridgway and May E. Smith, were partners conducting a business in Sutter county, where they reside. They owned lots 51 and 52, subdivision 2, of Elmer tract in Sutter county, California. Mrs. Salrin and Annie E. Ridgway are sisters of the plaintiff. November 19, 1926, Annie E. Ridgway and May E. Smith, as partners, executed their promissory note for $315 to the plaintiff, A. L. Ridgway, payable in six months. On March 13, 1928, the partners also executed another promissory note to the plaintiff for the additional sum of $500, due in one year from the date thereof. On the last-mentioned date, May E. Smith conveyed her interest in the lots to her partner, Annie E. Ridgway, who executed a mortgage on the lots in favor of the plaintiff to secure both notes. The mortgage was duly recorded on that date. Two days later Annie E. Ridgway executed and recorded her deed to the lots to her sister, Sarah S. Salrin, who resides in Ohio. The grantee, Salrin, did not assume liability to pay the mortgage. May 19, 1931, Sarah S. Salrin and her husband reconveyed the lots to Annie E. Ridgway and May E. Smith as joint tenants. The reconveyance deed was delivered, but it was not recorded until September 30, 1937, after this suit of foreclosure was commenced. October 10, 1933, one Ivan B. Bean recovered judgment in San Francisco against Annie E. Ridgway and May E. Smith for the sum of $4,644.81, the abstract of which judgment was recorded in Sutter county. That judgment was assigned to the intervener in this case, Bank of America National Trust and Savings Association. The defendant, Salrin, never lived in California. The mortgagors were never absent from the state of California.

The suit to foreclose the mortgage was commenced September 29, 1937. The cause of action accrued March 13, 1929, when the $500 note became due and payable. The Bank of America, by leave of court, intervened in the action. The joint answer of all the defendants alleged that the foreclosure suit was barred "by reason of the provisions of sections 337 and 339 of the Code of Civil Procedure". No demurrer to the answer was filed. It was not contended at the trial that the statute of limitations was defectively pleaded. That

question was raised for the first time on appeal. The court adopted findings in accordance with the foregoing statement of facts and determined that the foreclosure action was barred by the statute of limitations. A judgment was accordingly rendered against the plaintiff to the effect that he take nothing by his action. From that judgment this appeal was perfected.

It is contended on the authority of *Hart* v. *Slayman,* 30 Cal. App. (2d) 556 [86 Pac. (2d) 861], that the defendants waived their right to the defense of the statute of limitations by failing to plead in their answer the particular subdivision of section 337 of the Code of Civil Procedure upon which they rely. The answer merely asserts that the action is barred by the "provisions of sections 337 and 339 of the Code of Civil Procedure". That allegation in the present case must be deemed to adequately raise the defense of the statute of limitations for the reason that no demurrer to the answer was filed. (*Churchill* v. *Woodworth,* 148 Cal. 669, 676 [84 Pac. 155]; *Tofte* v. *Tofte,* 12 Cal. App. (2d) 111 [54 Pac. (2d) 1137].) In the Churchill case the court said in that regard:

"No demurrer was interposed to the answer, which, for the purposes of the trial, was assumed to sufficiently present the defense, and the court made its findings thereon. Under these circumstances, we are satisfied that the attempt to plead subdivision 1 of section 339 should not be treated as a nullity, and that *the objection to the manner of pleading it was waived by the failure of plaintiffs to urge such objection in the trial court.*"

In the Hart case, *supra,* upon which the appellant relies, we must assume that the plaintiff demurred to the defective plea of the statute of limitations contained in the answer or that the defective pleading was otherwise properly raised at the trial of the case. In the present case the plaintiff waived the defective plea of the statute by failure to demur to the answer on that ground, or to otherwise raise the objection to the form of the plea at the trial of the case.

Section 351 of the Code of Civil Procedure, upon which the appellant relies, reads:

"If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if,

after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action.''

The foregoing section was adopted for the benefit of creditors who possess causes of action, to preserve or extend their right of action as a matter of justice during the period following the accrual of the right of action during which the debtor or the party against whom the cause exists, is absent from the state of California so that the right of action may not be lost on that account. It follows that if the right of action is not barred or suspended by the absence of the person against whom it prevails, the running of the statute of limitations will not be thereby tolled.

It is claimed there is a conflict of authorities in various jurisdictions regarding the application of similar statutes. We are of the opinion these authorities may be readily reconciled. If the action is *in personam* and the jurisdiction of the court may not be acquired of the absent person of the debtor then the time for commencing the suit should be extended. If the action is *in rem* and complete jurisdiction of the *res* is acquired regardless of the absence of the owner thereof, on·principle the statute should not be tolled. This is true whether the grantee be considered a necessary party to the suit or merely a proper party, for in a foreclosure proceeding jurisdiction may be acquired by publication of summons. The apparent confusion of authorities regarding the application of similar statutes arises in determining whether the causes of action are *in personam* or merely *in rem*. It is apparent that some suits partake of both characteristics. Hence the difficulty of applying the statutes extending the time for commencing the actions during the absence of parties against whom they exist.

■ This is a suit to foreclose a mortgage lien against land in California which was conveyed by the mortgagor and owner of the land to her sister in the state of Ohio after the mortgage was executed and recorded. The grantee took title to the land *subject to the mortgage,* but *she did not assume the obligation of the mortgage nor did she become liable for the payment of the debt for which it was executed.* Since, without personal service upon the absent grantee, a deficiency judgment could not be rendered against her in California, complete jurisdiction of the court over the land for the pur-

pose of foreclosing the mortgage lien was acquired by publication of the summons in spite of her absence from the state. We therefore conclude that, under the circumstances of this case, the provisions of section 351 of the Code of Civil Procedure has no application, and the time for commencing this action was not tolled by the absence of the grantee. The trial court therefore properly concluded that the suit was barred by the statute of limitations.

█ It has been uniformly held in California that the foreclosure of a mortgage is, in its nature, a proceeding *in rem* against the mortgaged property, and that personal service of the owner thereof within the state is not required to confer jurisdiction. Summons upon a nonresident may be served in such a suit by publication. (*La Fetra* v. *Gleason,* 101 Cal. 246 [35 Pac. 765]; *Blumberg* v. *Birch,* 99 Cal. 416 [34 Pac. 102, 37 Am. St. Rep. 67]; 18 Cal. Jur. 276, sec. 560.)

Some statutes suspend the running of time during which an action may be commenced against an absent defendant conditioned upon his leaving no property within the state which would be subject to the payment of the particular claim. The California statute contains no such condition. Most statutes do not contain that condition. Nor does our statute specifically limit the suspension of the running of time within which the action must be commenced, to suits *in personam*. Construing similar statutes in other jurisdictions it has been held that the failure of the statute to limit the suspension of the time for commencing a suit against an absent defendant renders it applicable to both suits *in rem* and *in personam,* since the legislature made no dictinction between such classes of cases. These cases do not involve grantees who do not assume or become personally liable for the indebtedness. Many cases hold that the very purpose of the statute is to preserve the right of action against an absent defendant because jurisdiction to determine the cause could not be acquired while he was absent from the state and he might then defeat a just cause by deliberately absenting himself from the state; that while, in personal actions, jurisdiction cannot be acquired of one who is absent from the state by mere publication of summons, in suits which are strictly *in rem* the suspension of the statute should not apply because the remedy against the property within the state may be enforced without making the owner a party

by personal service of process against him. (See head-note to brief and numerous cases cited on this subject in 119 A. L. R. at page 332.)

In all of the cases relied upon by this appellant in support of his contention that the time for commencing this proceeding was suspended because the grantee lives in Ohio, either the original mortgagor who was liable for the debts was absent from the state or the subsequent grantees of the land assumed the mortgage and became personally liable for the debts secured thereby. In the present case the mortgagor was never absent from the state of California, and his absent grantee neither assumed the mortgage nor became liable for the debt secured thereby. The distinction above suggested is supported by many authorities. In *Hogaboom* v. *Flower*, 67 Kan. 41 [72 Pac. 547], the court said in that regard:

"Having no personal cause of action against any of the holders of the legal title, their presence or absence from the state was immaterial so far as her foreclosure proceedings were concerned. She had her proceeding *in rem* to enforce her mortgage lien."

The syllabus in that case correctly states the principle which was determined as follows:

"The absence from the state of the owner of real estate upon which there exists a mortgage, *but for the payment of which the owner is not obligated, will not prevent the statute of limitations from running against such mortgage lien.*"

It is true that if there is a personal liability against the owner and mortgagor of land within the state his absence will suspend the running of the statute of limitations. It is also true that even though the original owner of land conveys it to a grantee who is absent from the state and the grantee assumes the mortgage and becomes personally liable for the debt, even to the extent of a deficiency judgment, his absence from the state will have the effect of continuing the time within which the action must be brought.

In the case of *Fielding* v. *Iler*, 39 Cal. App. 559 [179 Pac. 519], in which it was held the statute of limitations did not bar the maintenance of a suit to foreclose a mortgage because it was suspended by the absence from the state of a grantee of the land, it definitely appears that the absent grantee by the terms of the deed specifically assumed and agreed to pay

the mortgage debt and was primarily and personally liable to the mortgagee for the entire obligation.

In *Redondo Imp. Co.* v. *O'Shaughnessy,* 168 Cal. 323 [143 Pac. 538], a judgment of foreclosure of a mortgage was rendered in a suit which was brought more than four years after maturity of the note secured thereby, notwithstanding the fact that both the mortgagor and his subsequent grantee of the land were out of the state for a considerable period of time. It was there held that the absence of *both the mortgagor and his grantee* had the effect of suspending the limitation of time within which the action was required to be brought. Regardless of whether the grantee in that case assumed the mortgage and was personally liable for the debt, both he and the mortgagor were absent from the state. Of course the statute would be suspended under such circumstances because necessarily the person who was personally liable for the debt, whether it was the mortgagor or his grantee, was absent from the state.

In the case of *San Diego Realty Co.* v. *Hill,* 168 Cal. 637 [143 Pac. 1021], a mortgage on real property in California was foreclosed in a suit brought more than four years after the maturity of the note secured thereby. In accordance with the pleadings and facts of that case the court found that both the original mortgagor and his grantee were residents of another state, and that the mortgagor died subsequent to his conveyance of the property. It was held the original mortgagor was not a necessary party to the action, from which we conclude that the absent grantee assumed the mortgage and became personally liable for the debt secured thereby.

In the case of *Watt* v. *Wright,* 66 Cal. 202 [5 Pac. 91], it was properly held in a suit for foreclosure of a mortgage that the statute of limitations was suspended by the absence from the state of the mortgagor of real property who was the sole person obligated to pay the debt. All other cases relied upon by the appellant in this case may be likewise distinguished. �damn We find no authority in conflict with our conclusions that section 351 of the Code of Civil Procedure does not have the effect of suspending the statute of limitations within which time a suit may be brought on account of the absence from the state of a subsequent grantee of the land who does not assume the mortgage or become personally liable for any portion of the debt secured thereby.

In view of our conclusion in that regard, it becomes unnecessary to determine the effect of the respondents' failure to record the deed of reconveyance, dated May 15, 1931, from Sarah S. Salrin to the original owners of the land until September 30, 1937, after the commencement of this suit of foreclosure. The court acquired jurisdiction of the mortgagor who was liable for the entire debt and who was never absent from the state. By publication of summons the court also obtained jurisdiction to foreclose the mortgaged land against the absent grantee who never assumed or became liable to pay any portion of the indebtedness, and against whom not even a deficiency judgment could be rendered. Section 1214 of the Civil Code therefore has no application to the issues of this case.

The judgment is affirmed.

Tuttle, J., and Pullen, P. J., concurred.