Jens CLAUSSEN, Plaintiff,

v.

MENE GRANDE OIL COMPANY, C. A., a Venezuelan corporation, and Mene Grande Oil Company, a Delaware corporation, Defendants.

Civ. A. No. 1841.

United States District Court
D. Delaware.

June 5, 1958.

John M. Bader, of Balick & Bader, Wilmington, Del., for plaintiff, Harvey Goldstein, New York City, of counsel.

David B. Coxe, Jr., Wilmington, Del., for defendants, Mene Grande Oil Co., Frederick L. Scofield, New York City, of counsel.

LAYTON, District Judge.

This suit was filed under the Jones Act, 46 U.S.C.A. § 688, on November 5, 1957, some ten years after the injuries complained of. The statute of limitations is interposed as a defense. In order to understand the contentions, the chronological history of the relevant occurrences is given in some detail. On September 18, 1947, the plaintiff fell from an allegedly defective gangplank while trying to board his ship in Mobile, Alabama, during the approach of a hurricane. On or about April 25, 1950, suit was instituted by him in the Southern District of New York for personal injuries received as the result of his fall and for maintenance and cure. The suit was against Gulf Oil Corporation and Mene Grande Oil Company, C. A., the latter a Venezuelan corporation doing no business in this country. Service was obtained upon Gulf but not upon Mene Grande. Thereafter, the cause was transferred to the Western District of Pennsylvania for trial. The Complaint charged that Mene Grande was the alter ego of Gulf insofar as concerned liability. The case was approximately four years awaiting trial in Pittsburgh due to a crowded calendar. Meanwhile, the following things happened. (1) Apparently relying upon the fact that Gulf was equally liable with Mene Grande, plaintiff never attempted to ascertain by inquiry or by deposition whether Mene Grande could be served by way of attachment of its ships which occasionally touched at ports in this country. Had inquiry been made, it is almost certain that service by attachment could have been made.

(2) Also, inquiry by deposition might well have yielded information that would have rendered less secure plaintiff's belief that Mene Grande was the alter ego of Gulf.

(3) On December 22, 1952, Mene Grande of Venezuela was dissolved and all its assets, causes of action, etc., were transferred to a newly organized corporation, Mene Grande of Delaware.

(4) At no time did the attorneys for Gulf[1] disclose this fact to plaintiff although they met in Pittsburgh on one or more occasions for pretrial conferences.

(5) On October 16, 1955, the case came to trial in Pittsburgh, and shortly thereafter was dismissed as to Gulf on the ground that it was merely acting as an agent of Mene Grande.

(6) Plaintiff, still not realizing that Mene Grande of Venezuela had dissolved, then began seeking information as to the possible docking of its ships in U. S. ports, and on January 15, 1956, succeeded in attaching one of its vessels, whereupon Gulf's lawyers notified plaintiff for the first time that Mene Grande of Delaware then owned the vessel. The writ of attachment was accordingly discharged on the 26th day of January, 1956.

(7) On August 10, 1956, plaintiff filed this action for injuries under the Jones Act and for maintenance and cure against Mene Grande of Venezuela and Mene Grande of Delaware and succeeded in obtaining service on the latter corporation.

(8) The defendant, Mene Grande of Delaware, answered and among other things interposed the plea of the statute of limitations as to the Jones Act suit and the defense of laches to the action for maintenance and cure.

The plaintiff seems to contend that despite the expiration of the three year period of limitations under the Jones Act, his inability to serve Mene Grande of Venezuela and the secrecy surrounding its dissolution and transfer of assets, choses of action, etc., to the Delaware corporation somehow tolled the running of the statute. This is not so. The three years statute of limitations, 45 U.S.C.A. § 56, under the Jones Act is implacable in its terms. It reads:

"No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

There is no savings clause.[2] It is something more than a limitation. The lapse of three years between the date of injury and the date of suit extinguishes the right of action. Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Kirby v. South Atlantic S. S. Co., D.C. Del., 25 F.Supp. 477.

But even if the plaintiff is prohibited from prosecuting his Jones Act suit because of the bar of the statute, he contends that his suit for maintenance and cure, being an admiralty action, is not subject to the three year provisions of the Jones Act and may yet be maintained. It is true that the cause of action for maintenance and cure is an admiralty action maintainable under the general maritime law and is not subject to a statute of limitations as such. The rule is that where there is no statute of limitations, the doctrine of laches is applicable. The law is thoroughly settled that, in the absence of exceptional circumstances, a Court of Admiralty, in deciding the question of laches, will be governed by analogy with the state statute of limitations applicable to such a case. Westfall Larson & Co. v. Allman-Hubble Tug Boat Co., 9 Cir., 73 F.2d 200; Lincoln v. Cunard S. S. Co., 2 Cir., 221 F. 622. An action for maintenance and cure is contractual in nature. Marshall v. International Mercantile Marine Co., 2 Cir., 39 F.2d 551. The statute of limitations of the State applicable to contracts is three years. Title 10 Del.C. § 8106. The plaintiff claims that its inability to serve Mene Grande of Venezuela coupled with its belief that Gulf was equally liable, the unwarranted concealment by Gulf of the dissolution of the Venezuelan corporation and the

---

1. The attorney for Gulf and Mene Grande of Delaware in this action has his offices in Gulf's New York office.

2. For instance, see Title 10, § 8116, Delaware Code, which contains a savings clause tolling the statute in cases of this sort.

transfer of its assets to a Delaware corporation together with the long delay in getting the case to trial in Pittsburgh through no fault of its own, all demonstrate that he has not been guilty of laches. Superficially, the plaintiff makes a plausible argument but it does not stand close examination. The fact is, an action in personam under the Jones Act based upon attachment of defendant's property may be maintained. Brown v. C. D. Mallory & Co., 3 Cir., 122 F.2d 98. Ships of Mene Grande of Venezuela were occasionally touching at United States ports. Depositions would have elicited this fact as well as the fact that plaintiff was not justified in regarding Gulf and Mene Grande as the alter ego of each other. It is important to remember that this same plaintiff received his injuries on one of Mene Grande's ships while it was in a United States port in 1947, and yet, forewarned with the knowledge of the occasional appearances of its vessels in this country, the plaintiff sat back for two and three quarter years before Mene Grande of Venezuela dissolved and transferred its assets to Mene Grande of Delaware. Whether or not Gulf thereafter improperly concealed the dissolution of Mene Grande of Venezuela and whether or not the trial calendar in Pittsburgh was crowded are beside the point. It is permissible to assume from the circumstances and the pleadings [3] that the plaintiff was so thoroughly (albeit wrongly) convinced of Gulf's liability that he unwarrantedly slept upon his rights for nearly three years before any event happened which could in any way be characterized as excusing laches. It is my opinion that plaintiff was guilty of laches.

 This conclusion automatically disposes of plaintiff's third point to the effect that paragraph 13 of the Complaint in this case constitutes a cause of action for personal injuries both under the Jones Act and generally in admiralty. A reading of the Complaints in both the New York and Delaware actions discloses that each is characterized as a Jones Act suit. Allegations of negligence and unseaworthiness are jumbled together in the same paragraph instead of making two separate causes of action. The whole tenor of both Complaints negates the idea that either was intended as incorporating a general claim for injuries in admiralty. I so hold. But even if it were held otherwise, what has been stated with respect to laches in the maintenance and cure action is equally appropriate here—more so, for, in Delaware, the applicable statute of limitations for personal injuries is not three years but one year.[4] Title 10 Del.C. § 8118.

The complaint will be dismissed.

3. "4. That the defendant Gulf. Oil Corporation and Mene-Grande Oil Company, C.A., acted with such community, joinder and unity of interest that the acts of one constituted the acts of the other, each being the alter ego of the other." Complaint filed in U. S. District Court of New York, April 25, 1950.

4. The decision of the Supreme Court in McAllister v. Magnolia Petroleum Company, 1958, 78 S.Ct. 1201, may cast doubt upon this result. However, if called upon to reconsider this conclusion, I would still conclude that the plaintiff was guilty of laches for a period in excess of three years, the equivalent of the statute of limitations in the Jones Act. Only most extraordinary circumstances not here present could force a different result in a suit which was not commenced until over six years after the end of the three year period of limitations in the Jones Act.