**Eustaquio BAEZ–GEIGEL, Libelant,**

v.

**AMERICAN FOREIGN STEAMSHIP CORP., Respondent.**

United States District Court
S. D. New York.
March 16, 1959.

Reargument Denied May 14, 1959.

Jerome Golenbock, New York City, for libelant, Donald S. Sherwood, New York City, of counsel.

Dougherty, Ryan & Mahoney, New York City, for respondent, Robert J. Giuffra, New York City, of counsel.

SUGARMAN, District Judge.

Eustaquio Baez-Geigel (Geigel), a longshoreman and citizen of Puerto Rico, filed a libel in this court on October 3, 1958 against SS American Starling (Starling) and American Foreign Steamship Corp. (American), owner, operator, agent and/or charterer of said vessel, in a suit in admiralty, claiming in the first count negligence and in the second count unseaworthiness, alleging *inter alia* that on or about September 24, 1954 while the Starling was in the Bay of San Juan, Puerto Rico, respondent contracted with libelant's employer, a stevedore, to move and handle the Starling's cargo, in the course of which libelant was injured. Citation issued and American was duly served in this district on October 6, 1958.

Prior to the commencement of the instant suit, i. e., on September 10, 1956, while represented by other counsel, Geigel brought an action in the Supreme Court of the State of New York for the same cause against American, predicated upon negligence, unseaworthiness and the Jones Act.[1]

American's present counsel represented it in that suit, answered and noticed Geigel's examination before trial for August 5, 1958, at which Geigel defaulted. Geigel's then attorney voluntarily dis-

1. 46 U.S.C.A. § 688.

continued that state court action on September 15, 1958.

American excepted to the instant libel on the ground that libelant's laches, apparent on the face of the libel, barred this suit and noticed the exception for hearing.

■ Where, as here, the libel itself discloses that the state statute of limitations, which courts of admiralty will customarily use as an analogy in determining laches, has already run, detriment to the adverse party is presumed from the delay and the burden becomes that of the libelant to show the contrary.[2]

The appropriate New York state statutes to be consulted are section 49, subd. 6 of the New York Civil Practice Act which sets a three year limitation on actions to recover damages for personal injury and section 13 of the New York Civil Practice Act which bars suit in New York if barred in Puerto Rico, the place where the cause of action arose.[3]

The Puerto Rican law requires that this suit should have been brought within one year after final action by the Manager of the State Insurance Fund of Puerto Rico,[4] which the parties agree was February 18, 1955. The Puerto Rican statute of limitations is specifically aimed against the particular rights which the libelant seeks to enforce.[5]

However, another Puerto Rican law tolls the statute of limitations in the case.[6] American does not challenge the assertion in the affidavit of a Puerto Rican attorney, submitted in opposition to American's exception, that American "has never registered to do business in Puerto Rico nor has it appointed any local agent for the service of process upon it." Further, American remains completely silent as to Geigel's attorney's assertion by affidavit in opposition that it is not amenable to service *in personam* in Puerto Rico.

■ The Puerto Rican tolling statute becomes part of the controlling law under the New York borrowing statute.[7]

However, in both the Irving and Seaboard cases, the action was commenced here before the expiration of the appropriate New York statute of limitations in the particular type of action there involved.

■ In the case at bar the New York statute of limitations is three years[8] as to both the negligence and the unseaworthiness counts.[9]

This suit not having been brought within the three-year period it would appear that the respondent's exceptions are well taken.[10]

But libelant meets this with undenied proof that he commenced suit within the three-year period (not only from the date of the final award in compensation—February 18, 1955, but also from the date of his injury—September 24, 1954) against the respondent in the Supreme Court, New York County on September 10, 1956. As aforesaid libelant voluntarily discontinued that suit on September 15, 1958 after he defaulted on an examination before trial on August 5, 1958. There is thus posed the question whether the "journey's account" statute[11] saves him.

2. Oroz v. American President Lines, 2 Cir., 1958, 259 F.2d 636.

3. Footnote 2 supra.

4. Guerrido v. Alcoa S.S. Co., 1 Cir., 1956, 234 F.2d 349.

5. Bournias v. Atlantic Maritime Co., 2 Cir., 1955, 220 F.2d 152.

6. 32 L.P.R.A. § 253: "If when the cause of action accrues against a person, he is out of the Commonwealth of Puerto. Rico, the action may be commenced within the term herein limited after his return to said Commonwealth * * *"

7. Irving Nat. Bank v. Law, 2 Cir., 1926, 10 F.2d 721, reversing 2 Cir., 1926, 9 F. 2d 536; Seaboard Terminals Corporation v. Standard Oil Co., D.C.S.D.N.Y.1938, 24 F.Supp. 1018.

8. New York Civil Practice Act, § 49, subd. 6; Mazzella v. Pittston Stevedoring Corp., 2nd Dept. 1955, 285 App.Div. 1181, 140 N.Y.S.2d 881.

9. Although Le Gate v. The PanamoIga, 2 Cir., 1955, 221 F.2d 689, held that the six year statute, New York Civil Practice Act, § 48, subd. 1, applied to an unseaworthiness count, Oroz v. American President Lines, note 2 supra, a later Second Circuit decision held otherwise. A district judge, despite his own notions of which is correct, should not choose between competing pronouncements, as he reads them, of different panels of the Court of Appeals for his Circuit. He should follow the later one. In this case that is done despite the fact that the older case, Le Gate, deals with a suit in admiralty while the younger case, Oroz, deals with an action at law.

10. Isenberg v. Rainier, 1st Dept. 1911, 145 App.Div. 256, 130 N.Y.S. 27.

Obviously it does not because, by its very terms, an action "terminated * * * by a voluntary discontinuance" is without its reach. Were this decision to turn upon a mechanical application of the statute of limitations dismissal would be inevitable.[12] But, as a suit in admiralty, the total effect of what has been above pointed out is to merely place upon libelant the obligation of showing that the delay was excusable and did not prejudice the respondent. If this is shown the court may, in its discretion, decline to sustain the respondent's exception.[13]

What has been shown as to the dealings of the parties is most persuasive that the suit which if it were for a non-maritime tort would have been barred on February 18, 1958 was, in admiralty, not untimely brought to the respondent's prejudice on October 3, 1958.

Accordingly, as a matter of discretion American's exception to Geigel's libel is overruled and it must answer.[14]

It is so ordered.

### On Motion for Reargument.

Assuming, as libelant contends, that the court misread certain cases[1] cited in its earlier decision and that the exception of laches, allegedly apparent on the face of the libel, is not a bar to this suit because the six year statute of limitations is applicable and had not yet run when the libel was filed, the reargument sought is unnecessary because the court's said decision overruled the exception on a finding that respondent had not been prejudiced by the libelant's delay in bringing suit.

Reargument may not be had on the basis that the claimed error in the decision might adversely affect other matters.[2]

Motions for reargument by both parties are severally denied. It is so ordered.

---

11. New York Civil Practice Act, § 23. Cf. Baker v. Cohn, 1st Dept. 1943, 266 App. Div. 236, 41 N.Y.S.2d 765.

12. Cf. Oroz v. American President Lines, footnote 2 supra.

13. Czaplicki v. The Hoegh Silvercloud, 1955, 351 U.S. 526, 76 S.Ct. 946, 100 L. Ed. 1387.

14. Admiralty Rule 11(e), S.D.N.Y.

1. Le Gate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689; and Oroz v. American President Lines, 2 Cir., 1958, 259 F.2d 636.

2. Cf. Bodkin v. United States, 2 Cir., 266 F.2d 55 (Pet. for rehearing decided April 15, 1959).