**Dudley J. PHILLIPS, Libelant,**

v.

**THE HELLENIC, her engines, boilers, etc. and Compania Internaccional de Vapores Lda., Respondents.**

United States District Court
S. D. New York.

July 28, 1959.

On Motion to Reargue Sept. 1, 1959.

**6**

Jerome Golenbock, New York City, for libelant.

Hill, Betts & Nash, New York City, for respondents.

THOMAS F. MURPHY, District Judge.

This libel was filed March 20, 1957. The citation and libel were served upon respondents' "agent" on February 3, 1959. Within the time permitted by stipulation respondents appeared "specially" and filed exceptions claiming that each cause of action was time barred. About three months later, and before argument of the prior filed exceptions, respondents again appeared "specially" and moved to quash the service of the citation and returned on the grounds that the person upon whom process was served was not an agent through whom service of process could be effected against respondents. Both motions came on for argument together.

■ A preliminary practice question is presented by respondents appearing "specially" to quash the service of the process. The question posed is whether that characterization has any significance in view of the fact that they had previously filed exceptions to the libel and, also, whether the rule is any different in admiralty than it now is on the civil side since the promulgation of the Federal Rules of Civil Procedure. Under the Rules of Civil Procedure it now seems to be settled that the old principle, that a demurrer once made gives the court jurisdiction in personam over the defendant and precludes any subsequent "special" appearance, is no longer applicable. See Kerr v. Compagnie De Ultramar, 2 Cir., 1958, 250 F.2d 860, 864; Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871, certiorari denied Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 Ed. 1573. Since the Rules of Civil Procedure do not apply to proceedings in admirality (Rule 81(a) (1), Fed.R.Civ.P., 28 U.S. C.A.) it would appear that the old principle still obtains in admiralty and that any motion or exception addressed to the merits of the libel must be considered in the nature of a demurrer and

gives the court jurisdiction of the person of the moving party. While there is a dearth of decisional law on the point, the few cases in admiralty would seem to be ample authority to support this proposition. See The Merrimac, D. C.S.D.Fla.1917, 242 F. 572; Norfolk Southern R. Co. v. Foreman, 4 Cir., 1917, 244 F. 353.

■ Accordingly, respondents will not be heard to raise the objection of the faulty service of process. This disposition leaves moot the subsidiary question whether or no they should be heard when, in violation of admiralty Rule 11, 28 U.S.C.A. they raise that objection so late.

Proceeding then to the exceptive allegations of laches we find that they must be sustained and this libel dismissed accordingly.

■ The accident complained of occurred May 18, 1950, and this libel was filed six years and ten months thereafter. In determining whether libelant is guilty of laches, the court, as a rule of thumb, looks to the analogous state statute of limitations and if it has run, inexcusable delay on libelant's part and prejudice to respondents is presumed. Oroz v. American President Lines, 2 Cir., 1958, 259 F.2d 636. Considering only that the libel is predicated upon breach of warranty of seaworthiness (a claim based on negligence arising out of general maritime law, "even though asserted beyond the limitation period, may be joined with an unseaworthiness claim timely commenced," Oroz v. American President Lines, supra, 259 F.2d at page 638), the analogous state statute of limitations is N. Y.Civil Practice Act, § 48(3) prescribing six years. LeGate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689. Contra, Baez-Geigel v. American Foreign Steamship Corp., D.C.S.D.N.Y. 1959, 171 F.Supp. 359, 361. Cf. Oroz v. American President Lines, supra.

■■ Libelant had filed a previous libel in this court for the same injury on March 31, 1954, against respondents and another party who successfully moved to dismiss as against it. That

libel was ultimately dismissed for lack of prosecution on May 23, 1956, it appearing that no process had ever been served therein upon respondents. This latter fact precludes a holding that the analogous state statute of limitations was tolled by the filing of that libel. Cf. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. For the same reason libelant may not claim the benefit of N.Y.C.P.A. § 23, which section presupposes that jurisdiction had been acquired over the adverse party. Knox v. Beckford, 1939, 258 App.Div. 823, 15 N.Y.S.2d 174.

On the face of the libel therefore it is apparent that it was filed some ten months subsequent to the expiration of the analogous state statute of limitations (it should be noted moreover that service of process was not effected until nearly two years thereafter). In an attempt to sustain his burden of showing no prejudice or inexcusable delay in bringing suit libelant refers to a series of correspondence between himself and respondents apprising them of his claim as early as May 19, 1953. However, examination of the correspondence in question discloses that the first letter from libelant to respondents was dated March 21, 1957, advising them of the filing of the present libel, and a similar letter at the close of 1958. All other and earlier correspondence was between libelant and North American Shipping and Trading Co., Inc., which company was named a respondent in the earlier libel and against whom that libel was dismissed on motion. Furthermore, it is undisputed that the vessel upon which the alleged injury was sustained was sold by respondent Compania Internaccional de Vapores Lda. approximately seven months after the accident and, since the first time it can be charged with knowledge of libelant's claim was March 1957, prejudice seems too patent to be seriously denied.

On the whole we feel that libelant has not sustained his burden, and that the libels must be dismissed for laches.

Judgment accordingly.

### On Motion to Reargue

Libelant's motion to reargue, although not timely made, is granted and on reargument our memorandum and order dated July 28, 1959, is amended in conformity with the following:

In sustaining respondents' exceptions on the ground of laches we failed to consider libelant's argument that respondents' absence from this district tolled the New York statute of limitations. It is undoubtedly the law of New York that if the New York statute of limitations is to be applicable the tolling provisions of § 19 of the New York Civil Practice Act is an integral part of those limitations. See Meyers v. Credit Lyonnais, 259 N.Y. 399, 182 N.E. 61, 83 A.L.R. 268.

Libelant has alleged by affidavit that respondents have been unamenable to process both in Texas and New York with the result that the statutes of limitation in both jurisdictions have been tolled. Respondents have submitted no affidavit to controvert this allegation. If it be determined as a fact that libelant was unable to effect service upon respondents because of the latter's absence from the two jurisdictions and that in accordance with the law of both states their respective statutes were tolled, it would be arguable that libelant was not guilty of inexcusable delay in bringing suit. In sustaining respondents' exceptions on grounds of laches we failed to consider the point herein discussed and accordingly upon reconsideration we will now vacate so much of the order dated July 28, 1959, as sustained them and permit libelant to file an amended libel so as to set forth facts negativing laches or tolling the statutes of limitation.

Accordingly, respondents exceptions are overruled and libelant ordered to file an amended libel within 20 days.

This is an order. No settlement is necessary.