Pablo **MARRERO MORALES**, Libellant, Appellant,

v.

**BULL STEAMSHIP COMPANY,** Respondent, Appellee.

No. 5582.

United States Court of Appeals First Circuit.

June 7, 1960.

Harvey B. Nachman, Jerome Golenbock, San Juan, P. R., Donald S. Sherwood, New York City, and Stanley L. Feldstein, San Juan, P. R., on the brief, for appellant.

Jose L. Novas, San Juan, P. R., Hartzell, Fernandez & Novas, San Juan, P. R., on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a final decree of the United States District Court for the District of Puerto Rico which dismissed appellant's libel.

The libel was filed by appellant, a resident of Puerto Rico, in the United States District Court for the Southern District of New York on December 28, 1956 claiming damages for personal injuries suffered by him on May 1, 1952 in the performance of his duties as a longshoreman in the port of San Juan aboard the S.S. Kathryn, a vessel owned and operated by appellee. The case was transferred to the District of Puerto Rico upon motion of appellee pursuant to 28 U.S.C. § 1404(a).

After trial before the district judge, he entered an order holding that the causes of action were barred by laches. Subsequently a decree of dismissal together with findings of fact and conclusions of law were entered by the district judge and this appeal followed.

After his injury, appellant received benefits under the Puerto Rico Workmen's Accident Compensation Act, 11 L.P.R.A. § 1 et seq. (1955). The decision of the Manager of the State Insurance Fund awarding appellant compensation became final on December 30, 1952.

The district judge in concluding that laches barred the causes of action held that the delay in filing the libel was not excusable, that under the practice of referring to state or local statutes of limitations laches on the face of the libel were shown since the analogous Puerto Rican statute, 11 L.P.R.A. § 32, provided that action against a third party, as here, must be brought within one year

following the final decision of the Manager of the State Insurance Fund. On the question of prejudice to appellee, the district judge held that no showing of lack of prejudice had been made by appellant, as required when the libel showed laches on its face. He found that, on the contrary, the delay was prejudicial since it made any kind of defense almost impossible.

Appellant's contention that the delay was excusable is based on the fact that prior to our decision in Guerrido v. Alcoa Steamship Co., 1 Cir., 1956, 234 F. 2d 349, the applicability of admiralty or general maritime law to the navigable waters of Puerto Rico had been denied in Lastra v. New York & Porto Rico S.S. Co., 1 Cir., 1924, 2 F.2d 812, and the precedent of the Lastra case constituted an obstacle to his recovery. Appellant contends that in view of this situation, his failure to sue until the Lastra case had been overruled is excusable. However, as the district court noted, the possibility of the appellant taking an appeal and obtaining a reversal of the Lastra decision was available to him as was done by the libellant in the Guerrido case. The "specific touching by the judicial hand of plaintiffs' rights" as occurred in Yoder v. Nu-Enamel Corp., 8 Cir., 1944, 145 F.2d 420, is not present in the instant case, so paramount authority cannot be said to have barred prosecution of a claim here.

■ The appellant testified as appears by the record that he did not go to see his lawyer until several months before the libel was filed because he "didn't know anything." However, many cases have held that ignorance of one's legal rights does not excuse a failure to institute suit, e. g. Morales v. Moore-McCormack Lines, 5 Cir., 1953, 208 F.2d 218; Alexander v. Phillips

Petroleum Co., 10 Cir., 1942, 130 F.2d 593. This principle is applicable not only to ignorance of substantive legal rights but also to ignorance of the procedures of law by which a more favorable doctrine of substantive law can be sought. The case of Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387, has been cited to us as supporting appellant's contention that ignorance of legal rights is an excuse for delay under the doctrine of laches. However, that case involved the ignorance of a fact essential to the libellant's right to sue.

■ The district judge found that no showing of lack of prejudice was made by libellant and that, on the contrary, the nature of the asserted claim, i. e. that an unseaworthy hatch tent rope caused appellant's injuries, and the fact that until more than four years after the injury appellee did not have notice of any claim of unseaworthiness prejudiced appellee in making a defense. The fact that appellant had present at the trial eye-witnesses to his accident and that their testimony was available is a relevant factor in deciding whether the delay was prejudicial to appellee. However, it does not seem to us to be decisive in every instance. In this case the condition of the rope was relevant to appellee's defense, and appellee's inability because of lapse of time to obtain evidence on this point was important in deciding prejudice to appellee. We cannot say, even considering the finding of prejudice as one of the elements entering into a trial judge's discretionary conclusion of laches, that such a finding of prejudice to appellee is clearly erroneous.

The district judge held that the statute of limitations contained in the Workmen's Accident Compensation Act, 11 L.P.R.A. § 32,[1] was the local statute to which reference should be made in this

---

1. "In cases where the injury * * * entitling the workman * * * to compensation in accordance with this chapter has been caused under circumstances making third persons responsible for such injury * * * the injured workman * * * may claim and recover damages from the third person responsible for said injury * * * within one year following the date of the final decision of the case by the Manager of the State Insurance Fund * * *."

302

case for the purpose of deciding the question of laches. This holding has not been disputed by appellant, but appellant strongly contends that the running of this statute was tolled by virtue of 32 L.P.R.A. § 253. This section provides:

"§ 253. *Absent persons*

"If when the cause of action accrues against a person, he is out of the Commonwealth of Puerto Rico, the action may be commenced within the term herein limited after his return to said Commonwealth, and if, after the cause of action accrues, he departs from said Commonwealth, the time of his absence is not part of the time limited for the commencement of the action."

The district judge concluded that there was no tolling of the statute of limitations and the action was barred by laches. He took judicial notice that "various vessels (in addition to the S.S. Kathryn) owned and operated by this respondent [appellee], came and continue to come frequently and regularly within the jurisdiction of this court" and found that the S.S. Kathryn came frequently and regularly within the court's jurisdiction.

The district judge concluded that service of process could have been made pursuant to Admiralty Rule 2,[2] and that appellee was not "out of" nor did it "depart from [the] Commonwealth [of Puerto Rico]" so as to toll the limitation statute under the provisions of Section

253. There are no findings of fact relating to the presence of one upon whom personal service of process could have been made; nor was there any finding that property of appellee had remained within the court's jurisdiction for any period of time and, therefore, attachable under the Admiralty Rules during that period.

■ If the court had found that attachable property remained in the jurisdiction, we would view the court's conclusions of law as an interpretation of local law that where, as here, attachable property could have been utilized to institute suit on the causes of action there would be no tolling of the limitations statute. There is a split of authority on the question of tolling a statute of limitations in a situation similar to that in the instant case. See Annotation, 1939, 119 A.L.R. 331, 337–342. Such an interpretation by the district judge would be in accord with a minority view, but a California case interpreting a similar tolling statute from which the Puerto Rican statute was derived offers some support for this interpretation. Ridgway v. Salrin, 1940, 41 Cal.App.2d 50, 105 P.2d 1024. The conclusion as to local law of a judge who is from the local bar is entitled to great weight. See Bernhardt v. Polygraphic Co., 1956, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199. No cases have been cited to us by appellant on the question of interpretation of the tolling statute.[3] We could find no

2. "Rule 2. *Suits in personam—process in—arrest in same*
"In suits in personam the mesne process shall be by a simple monition in the nature of a summons to appear and answer to the suit, or by a simple warrant of arrest of the person of the respondent in the nature of a capias, as the libellant may, in his libel or information pray for or elect; in either case with a clause therein to attach his goods and chattels, or credits and effects in the hands of the garnishees named in the libel to the amount sued for, if said respondent shall not be found within the district. But no warrant of arrest of the person of the respondent shall issue unless by special order of the court, on proof of the pro-

priety thereof by affidavit or otherwise." 28 U.S.C. Admiralty Rules.

3. In Baez-Geigel v. American Foreign Steamship Corp., D.C.S.D.N.Y.1959, 171 F.Supp. 359, the district court concluded that the Puerto Rican statute of limitations was tolled because the respondent was not amenable to service *in personam* in Puerto Rico. However, there is no indication that the court there considered the availability of service of process under Admiralty Rules, or the effect of this on the tolling statute. See also Phillips v. The Hellenic, D.C.S.D.N.Y.1959, 179 F.Supp. 5. In any case, we would give more weight to the decision of the district judge in Puerto Rico on a mat-

reason, therefore, not to accept this interpretation of the statute.

■ However, we have found no case which goes as far as to hold that the mere existence of a right under the law to attach property as a means of instituting suit is sufficient cause for ruling that the limitations statute continued to run if there has not, in fact, been attachable property in the jurisdiction. Such a holding would run counter to the whole rationale of statutes tolling the running of limitations during the absence of a defendant. Yet without a finding that attachable property had been present in Puerto Rico continuously since May 1, 1952, the district court's conclusion of law that there was no tolling of the statute of limitations in the instant case amounts to just such a holding. We do not believe this is a correct interpretation of Section 253.

We shall remand this case, therefore, to the district court for reconsideration of the tolling question, and the making of the requisite findings of fact, or, in the alternative, the reconsideration of the question of whether there was an unreasonable lapse of time before the filing of this suit.[4]

Judgment will be entered remanding the case to the district court for further proceedings not inconsistent with this opinion.

ALDRICH, Circuit Judge (concurring).

All members of the court appear to be in agreement that the district court could find laches here even if the number of days on which service could be made did not reach the one year total required by 32 L.P.R.A. § 253, inasmuch as laches may be found even though a statute of limitations has not run, see Russell v. Todd, 1940, 309 U.S. 280, 288 note 1, 60 S.Ct. 527, 84 L.Ed. 754, and, seemingly, there was adequate opportunity from time to time to make service over a period of four and a half years. One small point divides us. As the dissent points out, in Flores v. A. H. Bull Steamship Co., D.C.D.P.R.1958, 167 F.Supp. 841, at page 842, filed six months after the original opinion (denominated "Order") in the case at bar, the court stated that its decision herein had not been by "mechanical application of the statute of limitations," but had been in the exercise of discretion, "after consideration of many factors." However, the Flores opinion is not part of this case, and when we look at the record before us we find no such indication. On the contrary, the court states simply that it is "following the analogy of the statute." Marrero v. The S.S. Kathryn, D.C.D.P.R.1958, 161 F.Supp. 420, 421, 422. Then, even after the Flores opinion, the court denied a motion for rehearing herein, filing "conclusions of law," one of which was, "At no time

---

ter of interpretation and application of a local tolling statute.

4. Although laches may be found in certain circumstances even though the analogous statute of limitations has not fully run, we believe that the presence of property available for attachment during a period considered by the district court to be sufficient for the service of process would be a pertinent consideration to a finding of laches. See The Atlantic, 5 Cir., 1920, 262 F. 405; The Slingsby, 2 Cir., 120 F. 748, certiorari denied 1903, 188 U.S. 741, 23 S.Ct. 849, 47 L.Ed. 678; The Conde Wifredo, 5 Cir., 1896, 77 F. 324; Claussen v. Mene Grande Oil Co., D.C.D.Del.1958, 163 F.Supp. 779, re-

versed on other grounds, 3 Cir., 1960, 275 F.2d 108; The Catherine, D.C.E.D.N.Y. 1938, 23 F.Supp. 338. These cases did not involve any question of the tolling of the local statute and did not require the presence of attachable property for any definite period. The district judge in deciding the question of laches here followed the analogy of the local statute of limitations, and we have reviewed the case on this theory. The lack of an express finding of the presence over a period of time of attachable property, we believe makes the court's conclusions of law too broad, and we shall remand. See Victory Towing Co. v. Bordelon, 5 Cir., 1955, 219 F.2d 540.

\* \* \* was \* \* \* any \* \* \* statute of limitations of the Commonwealth of Puerto Rico tolled." Unless the "frequent and regular" visits of respondent's vessels totaled 365 days during the pertinent period, as to which, as is pointed out, there is no affirmative finding, this ruling could not be supported.[1] Since it is not clear that such error, or possible error, did not enter into the court's ultimate decision, I concur in the remand.

WOODBURY, Chief Judge (dissenting).

The District Court's finding Number 8 reads:

"This court takes judicial notice that subsequent to May 1, 1952 and to the present date various vessels (in addition to the SS Kathryn) owned and operated by this respondent, came and continue to come frequently and regularly within the jurisdiction of this court."

It is such a well known fact that the respondent's vessels now and for many years past have regularly and frequently served Puerto Rico that I fail to see why this finding does not provide an adequate basis for the District Court's conclusion of laches.

I do not believe that in order to support its conclusion that the libellant was guilty of laches it was incumbent on the court below to make a specific finding as to the exact number of days that attachable property of the respondent was within the jurisdiction. Moreover, although the district judge adopted the analogy of the local statute of limitations in deciding the question of laches, it does not follow that this was the only consideration upon which he rested his finding. In discussing this case in its opinion in the later case of Flores v. A. H. Bull Steamship Co., D.C.D.P.R.1958, 167 F.Supp. 841, 842, the court pointed out that its conclusion herein "was reached after consideration of many fac-

tors, and represents reflection and the exercise of discretion, not merely 'by a reference to and a mechanical application of the statute of limitations' (Gardner v. Panama R. Co., 342 U.S. 29, 31, 72 S.Ct. 12, 13, 96 L.Ed. 31)."

And, "the question of laches is addressed to the sound discretion of the trial judge, and his decision will not be disturbed on appeal unless it is so clearly wrong as to amount to an abuse of discretion." The Kermit, 9 Cir., 1935, 76 F.2d 363, 367, certiorari denied sub nom. Lamborn v. American Ship & Commerce Navigation Corp., 1935, 296 U.S. 581, 56 S.Ct. 93, 80 L.Ed. 411. I would affirm.

---

[1]. It may be that other conspicuous and readily attachable property was in the district, but this does not appear, either.