**Pablo MARRERO, Libelant,**

v.

**THE S.S. KATHRYN, her engines, boilers, etc., and A. H. Bull S.S. Co., Respondent.**

No. 3-57.

United States District Court
D. Puerto Rico,
San Juan Division.
May 23, 1958.

Stanley Feldstein, San Juan, P. R., for libelant.

Hartzell, Fernandez & Novas, San Juan, P. R., for respondent.

RUIZ-NAZARIO, District Judge.

The libel in this case, claiming damages for personal injuries suffered by libelant on or about May 1, 1952, was filed in the District Court for the Southern District of New York on December 28, 1956.

Respondents have alleged as an affirmative defense, that the causes of action are barred by laches. The suit was tried, and is now before the Court for a decision both on the merits and on the question of whether the libel should be dismissed under the doctrine of laches.

The Court is of the opinion that the defense of laches is well taken and it therefore is unnecessary to discuss the other questions involved in the suit. Both of the elements of laches, (1) undue delay and (2) prejudicial delay in instituting suit, are present in this case.

## I

(1) *Undue delay:*

Libelant slumbered on his rights for some four and one-half years before filing suit. It is true that under Lastra v. New York and Porto Rico S.S. Co., 1 Cir., 1924, 2 F.2d 812, libelant's suit, if filed in this Court at any time prior to June 8, 1956, when Guerrido v. Alcoa Steamship Co., 1 Cir., 234 F.2d 349, overruling the Lastra doctrine, was decided, would have been dismissed for want of jurisdiction, and that in this sense, libelant was to a certain extent prevented by paramount authority (Yoder v. Nu Enamel Corporation, 8 Cir., 145 F.2d 420) from asserting his rights; however, the bar created by Lastra cannot be said to have interrupted the running of time, because he could have, as indeed Guerrido did, appealed and obtained a more favorable doctrine in the appellate court. He could have filed his suit in the Southern District of New York, within a reasonable time, as Guerrido did. He could also have filed an ordinary civil action for damages against the owners of the vessel in the proper Commonwealth Court. The institution of such a suit promptly would not have placed the respondent in the inequitable situation caused by filing suit in December 1956. There is no merit in the contention that libelant's delay under the Lastra decision was excusable.

The Court is of the opinion that the practice of following the analogy of state statutes of limitation in determining whether suits in admiralty are barred by laches is sound, especially in personal injury cases where, the more stale a claim gets, the harder it becomes for the respondent to make an investigation of the circumstances and proximate cause of injury. The Workmen's Compensation Act of Puerto Rico provides us with a yardstick to measure the excusability of libelant's slumber in this case, which indeed shows laches on the face of the libel (contrast Guerrido, where the complaint was filed ten months after the injury). The Puerto Rican Act (11 L.P. R.A. § 32) provides that the action against the third party must be brought within one year following the date of

the final decision of the case by the Manager of the State Insurance Fund. This statutory provision is reasonable, and flexible enough to afford an employee time to decide what course to pursue respecting third persons. At the same time, it compels him to bring his suit within a period not so remote from the occurrence as to place the respondent in an impossible position in connection with his defense. The decision of the Manager of the State Insurance Fund became final on December 30, 1952. The libel was filed on December 28, 1956, and was obviously barred by the statute. Following the analogy of the statute, this libel is barred by laches if the delay was prejudicial to the respondent.

## II

(2) *The delay was prejudicial to respondent.*

As the libel shows on its face that it is barred by laches, prejudice to the respondent is presumed until the contrary is made to appear, Morales v. Moore-McCormick Lines, 5 Cir., 208 F.2d 218; and no such showing has been made here. On the contrary, the facts disclosed at the trial showed that in this case it was imperative that an early suit be filed, as the injury was caused when a hatch tent rope broke. Respondent had no notice of any claim of unseaworthiness until more than four years after the accident occurred. This delay was prejudicial to them, in that it made any kind of defense almost impossible.

Following the analogy of the Commonwealth Statute of Limitations, the claim is stale and barred by laches. The libel will therefore be dismissed.

Respondent shall submit to the Court proposed findings of fact and conclusions of law and a formal decree, with notice to libelant's proctors, within twenty days from the date of this order. Libelant is granted ten days for filing objections to the proposed findings, conclusions and decree.