Pablo MARRERO, Libellant,

v.

THE Steamship S.S. KATHRYN, her engines, boilers, etc., and A. H. Bull S.S. Co., Respondent.

No. 3–57.

United States District Court
D. Puerto Rico,
San Juan Division.

March 13, 1959.

Stanley L. Feldstein & Jerome Golenbock, San Juan, P. R., for libellant.

Hartzell, Fernandez & Novas, San Juan, P. R., for respondent.

RUIZ-NAZARIO, District Judge.

On May 23, 1958 the court entered an order dismissing the libel herein on the ground that the claim it stated was stale and barred by laches.

See Marrero v. The S.S. Kathryn, D. C., 161 F.Supp. 420.

On June 17, 1958 libellant's counsel filed an affidavit in support of a motion for reargument and reconsideration of the aforesaid order of May 23, 1958. Although no formal motion for reargument and reconsideration has been filed, the contents of said affidavit have been considered by the court as the equivalent of any such formal motion.

The questions raised in the aforesaid affidavit came up for argument before the court and were submitted on memoranda to be filed by counsel for the parties. These memoranda were respectively filed on July 30, August 13 and August 22, 1958.

While the Court was studying said memoranda it became aware that libellant had filed, on August 20, 1958, a notice of appeal to the United States Court of Appeals for the First Circuit, from the aforesaid decree (sic) dated May 23, 1958.

In view of the aforesaid notice of appeal the court on September 17, 1958 entered an order abstaining from considering libellant's said request of June 17, 1958, for lack of jurisdiction therefor.

Thereafter, respondent herein, as appellee before the Court of Appeals, moved in said court to docket and dismiss the aforesaid appeal for want of appellate

jurisdiction, and it was so ordered by said Court, on December 4, 1958, and a mandate addressed to this Court, dated December 4, 1958, commanding it to conduct all further proceedings in this action in conformity with said order, was received and entered in the office of the Clerk of this Court on December 8, 1958.

On January 15, 1959 libellant filed a motion requesting that upon all prior papers, proceedings and briefs the Court grant reargument and reconsideration of its aforesaid order of May 23, 1958, and that said order be set aside and vacated and a decree for libellant entered.

This last motion came up for argument on January 30, 1959 and the question was submitted to the court on the pleadings and memoranda previously filed.

A second reply memorandum of law was in addition submitted by counsel for respondents on February 4, 1959.

The Court, being now duly advised in the premises, is of the opinion that there is no sound and meritorious basis for disturbing the conclusions it reached in its aforesaid order of May 23, 1958 (161 F.Supp. 420) and that said order must be ratified.

In Flores v. A. H. Bull Steamship Co., D.C., 167 F.Supp. 841, this Court in its order of December 10, 1958 had occasion to further consider the questions which it had decided in its said order of May 23, 1958 herein, as well as the other questions raised by libellant in his request for reconsideration being here decided, including the cases in which he relies in support of his contention, having there reached the same conclusion it reached in its order of May 23, 1958, in this action.

Libellant's motion for reconsideration must be, therefore, denied not only on the grounds set out by this Court in its aforesaid order of May 23, 1958, (161 F.Supp. 420) but also on the additional grounds set out in its order of December 10, 1958 in Flores v. A. H. Bull Steamship Co., supra.

It is so ordered.