CITIES SERVICE OIL COMPANY, as
Owner of THE S.S. ROYAL OAK,
Libelant,

v.

PUERTO RICO LIGHTERAGE COMPA-
NY, as owner of THE Tug CHARLES
E. DUNLAP, Respondent.

No. 4–59.

United States District Court
D. Puerto Rico.

Dec. 31, 1960.

Fiddler, Gonzalez, Guillemard & Rodriguez, San Juan, P. R., for plaintiff.

Hartzell, Fernandez & Novas, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

This suit in Admiralty is now before the court on the merits.

One of the affirmative defenses alleged by respondent in its amended libel is that

"The libelant's alleged cause of action is barred by laches and respondent has been prejudiced by libelant's delay in filing his libel".

It appears from the libel (Par. Fifth) that the alleged accident or collision allegedly causing the damages claimed by libelant herein occurred on August 23, 1956.

The aforesaid libel was filed in the Clerk's office of this court on January 30, 1959, i. e. over two (2) years and five (5) months after the happening of the accident.

It appears from the evidence, without any contradiction, that libelant had knowledge of said collision through the Master and the First Mate of its vessel SS Royal Oak, from the very moment it occurred.

Although this is a suit in Admiralty seeking to enforce a right given by the federal maritime law, as to which no Act of Congress has imposed a limitation upon the time for commencing it, and although this court is not bound to apply in this situation the Commonwealth's statutes of limitation applicable to actions at law, matters of delay are left to the discretion of the court in accordance with the equitable doctrine of laches. The courts frequently follow the

analogy of state statutes of limitations in determining whether such suits are barred by laches.

See: Guerrido v. Alcoa Steamship Co., 1 Cir., 234 F.2d 349, 358.

The above principles were applied by this court in Marrero v. The S/S Kathryn, D.C.P.R., 161 F.Supp. 420; 171 F. Supp. 458, which although remanded for reconsideration of the question of whether the statute had been tolled, was affirmed as to all other matters in Marrero Morales v. Bull Steamship Co., 1 Cir., 279 F.2d 299.

See also: Flores v. A. H. Bull Steamship Co., D.C.D.P.R., 167 F.Supp. 841, 842.

The analogous statute of limitations of the Commonwealth of Puerto Rico, governing actions at law to demand liability in obligations arising from fault or negligence (tort actions) is Sec. 1868(2) of the Civil Code of Puerto Rico (Title 31 L.P.R.A. § 5298 subd. 2).

Said section provides a period of limitation of one year, from the time the aggrieved person had knowledge of the tort, to bring the action.

Therefore, considering the defense of laches alleged by respondent in its answer and giving due application to the equitable doctrine of laches the court, in the exercise of a sound discretion, must determine whether under the evidence adduced at the trial this suit, which was filed over one year and five months after the analogous limitation period provided by Sec. 1868(2) of the Civil Code of Puerto Rico (31 L.P.R.A. § 5298, subd. 2), had expired, should be held barred.

In so determining, the court must also consider the two other essential elements of laches (a) whether there has been or not a reasonable excuse for the delay in bringing the action, and (b) whether the respondent has been prejudiced or not by the delay.

The onus probandi as to these two essential elements is on libelant.

Under the evidence adduced at the trial libelant has failed to show in any way that it had any reasonable excuse for such delay, and the court must therefore find and conclude that its delay was undue.

Libelant also has failed to establish by a preponderance of the evidence that respondent was not prejudiced by such delay.

Indeed the evidence affirmatively and amply supports the view that respondent was substantially prejudiced by such delay.

Libelant's claim is therefore stale and barred by laches and the libel will therefore be dismissed.

Respondent shall submit to the court proposed findings of fact, conclusions of law and a formal decree, with notice to libelant's proctors, within fifteen days from the date of notice of this order. Libelant is granted a period of ten days for filing objections to the proposed findings, conclusions and decree.