**Jens CLAUSSEN, Plaintiff,**

v.

**GULF OIL CORPORATION,
Defendant.**

**Civ. A. No. 9647.**

United States District Court
W. D. Pennsylvania.

Oct. 24, 1955.

---

Jacob Rassner and John J. Laver, New York City, Louis A. Fine, Honesdale, Pa., Frank Reich, Pittsburgh, Pa., for plaintiff.

Foley & Martin, New York City, Russell G. Connolly, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

In this jury case under the Jones Act, 46 U.S.C.A. § 688, at the close of all the evidence, defendant Gulf Oil Corporation's motion for a directed verdict in its favor was granted. In the Order for Judgment it was indicated that the reason the motion was granted was that there was no employer-employee relationship shown between plaintiff Jens Claussen and Gulf Oil Corporation.

So that Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C. may be complied with, I wish to set forth my reasons for granting this defendant's motion. The Complaint, as filed in the Southern District of New York in 1950, averred that Gulf Oil Corporation and Mene Grande Oil Company, C. A., were each the employer of the plaintiff, Jens Claussen, at the times mentioned. Especially plaintiff averred that the Complaint was under the Merchant Marine Act, approved June 5, 1920, Section 33, commonly known as the Jones Act. The Complaint averred, however, that the defendants Gulf and Mene Grande acted with such community, joinder and unity of interest that the acts of one constituted the acts of the other, each being the alter ego of the other. However, Mene Grande was not served with process, so that it is not in this case.

On application of Gulf, the case was transferred to this District on June 12, 1951. Two pre-trials of this case were held, at neither of which trial counsel for plaintiff, Harvey Goldstein, Esq., appeared. At the pre-trials, defendant raised the issue of lack of employer-employee relationship between plaintiff and Gulf. Gulf's counsel at the pre-trials took the position that plaintiff was not hired by Gulf and that he knew he was not hired by Gulf and that plaintiff was aware at all times that he was engaged by Gulf for service upon the Perija, a Venezuelan vessel. At pre-trial, the nature of the proof which plaintiff expected to offer in support of the employer-employee relationship was not revealed, as local counsel apparently was not aware of the nature and extent of plaintiff's proof on that issue.

The case came on for trial before a jury, beginning October 6, 1955. On the issue of employer-employee relationship

**112**

there is no substantial contradiction in the evidence. Summarizing briefly, the evidence showed that plaintiff was born in Denmark in 1904 and had spent the larger portion of his working life at sea. He has worked for many companies and on many ships. Prior to September of 1947, he had worked for Gulf Oil Corporation on at least two of its tankers as a junior third assistant engineer. In March of 1947, plaintiff voluntarily left the employ of Gulf and made a trip to Europe on his personal business, returning in August of the same year. On September 3, 1947, plaintiff applied to the Marine Department of Gulf Oil Corporation in New York City for a position and was advised that Gulf had no job, but that there was available a position as an engineer on the Perija, a Venezuelan vessel, owned and operated by Mene Grande Oil Company, C. A., then in Mobile, and shortly to sail for Venezuela. Plaintiff accepted the job.

The Marine Department of defendant Gulf Oil Corporation referred plaintiff to another department on another floor of the Gulf Building, 18 Battery Place, where arrangements were made for plaintiff to obtain a visa from the Venezuelan Consulate in New York City. The cost of the visa and railroad transportation to Mobile, Alabama, was advanced to plaintiff by Gulf, for which he signed a receipt, which stated that plaintiff was to work as a marine engineer for Mene Grande Oil Company, C. A. On the prior occasions when plaintiff had been hired to work aboard ships owned, operated and controlled by defendant Gulf Oil Corporation, all plaintiff's dealings had been concluded in the Marine Department without visiting any other department and when plaintiff was referred to the other department of defendant Gulf by the Marine Department, he knew and understood that he was being hired on behalf of the Mene Grande Oil Company, C. A., to work on its Venezuelan vessel, the Perija.

Plaintiff was given a letter of introduction to the Venezuelan Consul which, after exhibition to the Venezuelan Consul, was retained by plaintiff and which stated that plaintiff had been employed for service on a vessel of Mene Grande Oil Company, C. A.

After plaintiff had been hired to work on the Perija, defendant Gulf Oil Corporation wrote Mene Grande Oil Company, C. A., advising the latter that plaintiff had been hired for them and giving details of plaintiff's age and marital status for the purposes of said Mene Grande Oil Company's employment records.

Defendant was paid a fee by Mene Grande Oil Company, C. A., for its services in hiring plaintiff to act as a member of the crew of the Perija and was reimbursed by Mene Grande for the moneys it had advanced to plaintiff for the consular visa and railroad fare to Mobile.

On September 18, 1947 at Mobile, Alabama, plaintiff says he was injured while crossing a gangplank laid from the dock to the Perija during the onset of a hurricane. This suit was brought to recover damages for his injuries alleged to have been received at that time. Afterwards, plaintiff was taken to the United States Marine Hospital in Mobile where he remained until November 21, 1947. He then returned to New York and was an out-patient at the Marine Hospital there. He visited the Marine Department of Gulf on November 24, and was advised by Gulf that no discussion concerning his injuries or settlement therefor could begin until instructions were received from Mene Grande in Venezuela. On December 1 following, Gulf received instructions from Mene Grande to make monthly payments to the plaintiff during his disability. Wages were then paid plaintiff by Gulf from September 3, 1947, which were receipted for by plaintiff. Subsequently, during the period of disability of several months' duration, plaintiff continued to receive monthly wage payments from defendant Gulf. The evidence showed that Mene Grande reimbursed Gulf for all moneys paid to plaintiff.

Mene Grande Oil Company, C. A., is a corporation existing under the laws of Venezuela. Its vessel, the Perija, was operated by Mene Grande primarily to transport oil from its Lake Maracaibo, Venezuela, oil fields to its seacoast terminals for tank storage to await shipment on ocean vessels. On infrequent occasions the vessel came to the United States for dry-docking and repairs, and that was the reason the Perija was in Mobile on the occasion in question.

The evidence showed that Gulf made deductions from plaintiff's wages of social security and on account of income taxes. The evidence showed also that the paper work, that is, routine records with regard to the employment were prepared by Gulf employees, but that Gulf from time to time hired seamen for and advanced expenses and wages for other vessels of Mene Grande as well as other companies. A witness for Gulf testified that the Gulf routine in the foregoing respect was in accordance with the custom and usage in the industry, that foreign ships coming to the United States were represented by agents for the purpose of procuring supplies and crews and that Gulf's Marine Department acted as agent on many occasions, for not only Gulf's subsidiary companies, but for other ship owners.

The defendant, Gulf Oil Corporation, a corporation existing under the laws of the Commonwealth of Pennsylvania, was the owner of 100% of the stock of the Venezuela Gulf Oil Corporation, a corporation existing under the laws of the State of Delaware, which in turn owned 100% of the stock of Mene Grande Oil Company, C. A. None of the officers or directors of Mene Grande Oil Company, C. A., were officers or directors of Venezuela Gulf Oil Corporation or of Gulf Oil Corporation, and none of the officers or directors of Venezuela Gulf Oil Corporation or of Gulf Oil Corporation were officers or directors of Mene Grande Oil Company, C. A. Neither the master nor the members of the crew of the Perija were on the payroll of defendant Gulf. Defendant Gulf did not direct or control

the movements of the Perija, did not receive the earnings of that vessel and did not pay the expenses of operation thereof. Mene Grande had a Marine Department and full staff who directed the Perija and other of its vessels in and about its business in Venezuela.

As the evidence unfolded, it appeared to the Court that counsel for plaintiff was proceeding under the theory that the act of Gulf in engaging plaintiff to work on the Perija was the act of a principal hiring a man for itself. The uncontradicted evidence indicated the contrary. In the first place, plaintiff was aware that Gulf had no job for him and that he was to ship on a Venezuelan vessel. Plaintiff is an experienced seaman and an intelligent person who became a United States citizen in 1950. In his oral deposition before trial, he admitted, as he did on the stand during the trial, that he knew he was being hired for Mene Grande's service.

In the face of the proof, plaintiff's counsel then adopted the position that Mene Grande was owned, dominated and controlled by Gulf and that the real owner was Gulf and that the corporate veil in this instance could be pierced so that plaintiff was entitled to go to the jury on the issue as to whether he was employed directly by Gulf. On the latter issue, plaintiff cannot succeed. There was no issue for the jury under the Jones Act. That statute is for the benefit of seamen against their employers. The corporate relationship shown in this case is insufficient in view of the uncontradicted evidence that the Perija was owned by Mene Grande and plied in South American waters and her voyages were at no time directed, controlled or dominated by anyone from Gulf. Nor does the evidence indicate any control or domination of Mene Grande by Gulf. Gulf owned no stock in Mene Grande. There was an intervening corporation between these two corporations. Reasonable minds could not differ as to the issue of employment and therefore the case was one properly for the entry of a **directed verdict.** See Owl Fumigating

Corp. v. California Cyanide Co., 3 Cir., 30 F.2d 812; Kingston Dry Dock Co. v. Lake Champlain Transp. Co., 2 Cir., 31 F.2d 265; Nichols & Co. v. Secretary of Agriculture, 1 Cir., 131 F.2d 651; and Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692.

The issue of negligence was not reached or considered at the time the motion for a directed verdict was granted. This Opinion shall be considered as the Findings of Fact and Conclusions of Law in this case.