**Jens CLAUSSEN, Appellant**

v.

**MENE GRANDE OIL COMPANY, C.A., a Venezuela Corporation and Mene Grande Oil Company, a Delaware Corporation.**

**No. 12747.**

United States Court of Appeals Third Circuit.

Argued Nov. 2, 1959.

Decided Jan. 26, 1960.

Harvey Goldstein, New York City, (John M. Bader, Wilmington, Del., Jacob Rassner, New York City, on the brief), for appellant.

Frederick L. Scofield, New York City, (David B. Coxe, Jr., Wilmington, Del., on the brief), for appellee, Mene Grande Oil Company, a Delaware Corp.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The court below dismissed as untimely a complaint filed in 1956 by appellant Claussen, a seaman, against appellee Mene Grande Oil Co., a shipowner, for injuries alleged to have been sustained in 1947 when appellant, a member of the crew, fell from a gangway while boarding appellee's ship. The complaint asserts a cause of action for negligent injury under the Jones Act, 46 U.S.C.A. § 688, and an admiralty cause for maintenance and cure. In addition, appellant insists that his personal injury claim is also to be read as asserting the right which admiralty gives a crewman to recover for injury resulting from the unseaworthiness of his vessel. The court below ruled that the Jones Act cause was barred by the statute of limitations and that the maintenance and cure claim was barred by laches. The court found no sufficient assertion of a maritime injury claim based on unseaworthiness, but concluded that in any event such a claim would also be barred by laches.

The district court was clearly right in ruling that the negligent injury claim was barred by the provision of the Federal Employers' Liability Act, as adopted by the Jones Act, that "no action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued". 45 U.S.C.A. § 56. The cause of action accrued in 1947 at the time of the injury sued upon. This 1956 suit is on that cause with appellee, a Delaware corporation, sued as successor to a Venezuelan corporation of the same name, which owned the ship in question in 1947. As the district court aptly said: "The three years statute of limitations, 45 U.S.C.A. § 56, under the Jones Act is implacable in its terms * * *. The lapse of three years between the date of injury and the date of suit extinguishes the right of action". [163 F.Supp. 781.] Accord Engel v. Davenport, 1926, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Damiano v. Pennsylvania R. Co., 3 Cir., 1947, 161 F.2d 534; Bell v. Wabash R. Co., 8 Cir., 1932, 58 F.2d 569. An argument that an earlier suit filed on these claims in the Southern District of New York less than three years after the accident somehow tolled the statute of limitations for the present entirely distinct action, as filed years later in the District of Delaware, is wholly without merit.

We next consider whether appellant's complaint can properly be read as stating a claim based not only on the Jones Act but also on the admiralty right to recover for loss resulting from unseaworthiness, as to which the equitable doctrine of laches, rather than a fixed limitation period determines timeliness.[1]

The damage claim in question is stated in a single count. Most of what is said concerns negligent injury within the purview of the Jones Act. However, the fourth paragraph of the complaint plainly invokes both the statutory jurisdiction of the district court under the Jones Act and its jurisdiction under "general maritime law". The thirteenth paragraph of the complaint, beyond alleging negligence in several respects, also alleges that the gangway was rigged and erected in an unseaworthy manner and that the accident was caused by "the failure, neglect and omission of the defendants to keep and maintain the aforesaid vessel and its appurtenances in a seaworthy condition * * *." True, the allegations concerning negligence and those concerning unseaworthiness are not carefully segregated so as to point up their distinctness. Yet, they do appear. And, we have from time to time approved the pleading of unseaworthiness and Jones Act negligence as alternative legal bases of a single maritime injury claim. Yates v. Dann, 3 Cir., 1955, 223 F.2d 64; McCarthy v. American Eastern Corp., 3 Cir., 1949, 175 F.2d 724, certiorari denied 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532, and see Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662, 670. If the present claim is timely when viewed in either of these legal aspects we think it should be entertained. This means that with respect to the uneaworthiness claim, as well as the separate admiralty claim for maintenance and cure, the defense of laches is applicable and must be considered. Indeed, the most substantial question on this appeal is whether the district court was correct in its ruling that the appellant's admiralty claims for maritime injury and for maintenance and cure should be dismissed because of laches.

■■■■ A suit is barred by laches only when there has been both unreasonable delay in its filing and consequent prejudice to the party against whom the claim is asserted. Gardner v. Panama R. Co., 1951, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31; Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690, certiorari denied 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535. However, in administering this equitable defense the courts recognize and apply the logical inference that delay in suing has been both unreasonably long and injurious to the defendant after the running of the period within which the analogous statute of limitations would require an action at law to be commenced, unless the claimant makes some affirmative showing to the contrary. Kane v. Union of Soviet Socialist Republics, 3 Cir., 1951, 189 F.2d 303, certiorari denied 342 U.S. 903, 72 S.Ct. 292, 96 L.Ed. 676; Oroz v American President Lines, Inc., 2 Cir., 1958, 259 F.2d 636; Marshall v. International Mercantile Marine Co., 2 Cir., 1930, 39 F.2d 551. Whether the Jones Act, or the Delaware statute of limitations for tort claims, or the Delaware statute for contractual claims provides the appropriate analogy in this case, it is clear that an action at law nine years after the cause arose would come years too late. Hence, to avoid a conclusion of laches from so long a delay the claimant must show some justification in the special circumstances of his case.

■■■ Here the claimant relies upon the timely filing of an earlier suit and his unsuccessful effort to obtain personal service on the shipowner in that proceeding as showing that he was diligent rather than dilatory. He did file a suit on this claim against both Gulf Oil Corp. and the Venezuelan corporation, Mene Grande Oil Co., in the Southern District of New York in 1950, some two and one-half years after the accident and a few months before the Jones Act period of limitations would have expired. That action was transferred to the Western District of Pennsylvania where, through no fault of the parties, it was not reach-

---

plicable. Oroz v. American President Lines, 2 Cir., 1958, 259 F.2d 636; Henderson v. Cargill, D.C.E.D.Pa.1954, 128 F.Supp 119; Apica v. Pennsylvania Warehouseing & Safe Deposit Co., D.C. E.D.Pa.1947, 74 F.Supp. 819. Contra, Bonam v. Southern Menhaden Corp., D.C. S.D.Fla.1922, 284 F. 362.

ed for trial until 1955. It was the theory of that first complaint that both Gulf and Mene Grande were liable as owners and operators of the ship. Indeed, the complaint alleged "that the defendant Gulf Corporation and Mene Grande Oil Company, C. A., acted with such community, joinder and unity of interest, that the acts of one constituted the acts of the other, each being the alter ego of the other". It proved impossible to obtain personal service on Mene Grande in New York or in Pennsylvania. The case came on for trial against Gulf alone late in 1955. The evidence showed and the court concluded that Mene Grande, and not Gulf, was the owner and operator of the ship. Accordingly, a verdict was directed in favor of Gulf. The court discontinued the action against Mene Grande, which had never been served with process. Some months later appellant learned that in 1952 Mene Grande had reincorporated in Delaware. Thus informed, he instituted the present suit in the District of Delaware.

In these circumstances appellant urges that until he learned of the Delaware incorporation of Mene Grande he had done all that reasonable diligence required to assert his claim against the shipowner and, therefore, should not be charged with laches. But there is more to the picture. The accident occurred when a Mene Grande ship was docked at the American port of Mobile, Alabama, for repairs. Affidavits, considered and credited by the court below, showed that during the five calendar years immediately following appellant's injury there were ten periods of two or three weeks each during which Mene Grande ships were docked at the same Mobile shipyard. Moreover, two additional American ports, Staten Island, New York, and Savannah, Georgia, were also used with comparable frequency for docking and repair of Mene Grande ships. The court below reasoned that diligence on the part of appellant would have disclosed this situation and the resultant feasibility of asserting admiralty's familiar jurisdiction in rem.

We are unable to say that the district court was arbitrary in reaching this conclusion. It is to be remembered that the original theory of the suit was that Gulf controlled Mene Grande. Service had been obtained on Gulf. On appellant's own theory he should have been able to have obtained from Gulf by deposition or discovery timely information concerning at least some of these American calls on Mene Grande ships. And the very fact that plaintiff was injured while his ship was being repaired in a Mobile shipyard was enough to suggest inquiry about the future occurrence of similar visitations. Yet, appellant was content for several years to ignore these possibilities, relying exclusively upon the potentialities of its suit against Gulf. Even when advised that Gulf denied being the owner or operator of the ship, appellant wholly neglected to develop any relevant facts by discovery or deposition at any time before the 1955 trial.

Another circumstance, not heretofore mentioned, strikingly demonstrates the accessibility of Mene Grande, had appellant not been content to rest upon the fact that process had been served on Gulf. When judgment finally went against him in the Pennsylvania suit, appellant for the first time attempted to proceed by foreign attachment against a Mene Grande ship. Within three months he located such a ship docked at Mobile for repairs and attached it. This proceeding was later abandoned in favor of the Delaware action. But the fact that jurisdiction over a Mene Grande ship was so quickly obtained, once the effort was made, is a substantial indication that the same thing could as easily have been done during the years of appellant's inaction against this party.

All of these circumstances considered, we conclude that the district court was justified in taking the position that the mere filing of the original suit and the issuance of a summons which could not be served upon Mene Grande were not enough to establish diligence in moving against Mene Grande during the five year period which elapsed between the acci-

dent and the transfer of Mene Grande assets and liabilities from the Venezuelan corporation to its Delaware successor.

Separate from and additional to this lack of diligence, a second element must be shown to establish laches. There must be some significant prejudice to the defense as a result of the delay. The inference of injury from the very fact of delay is not enough here because there was affirmative evidence on both sides relevant to this issue. To begin with, it is clear that Mene Grande knew of the injury and of appellant's claim very soon after the event. This is demonstrated by the admitted fact that on December 1, 1947, less than three months after the accident, Mene Grande instructed Gulf to compensate appellant during his disability, and that such payments were actually made for several months at Mene Grande's expense. See finding in Claussen v. Gulf Oil Corp., D.C.W.D. Pa.1955, 136 F.Supp. 110, 112. It seems a fair inference that Mene Grande made whatever investigation of the accident it considered appropriate during this period immediately after the accident. Moreover, it appears that counsel who represented Gulf in the trial of the suit in the Western District of Pennsylvania is also representing Mene Grande now. Gulf defended the Pennsylvania suit fully on the merits, although decision turned upon non-ownership of the vessel. It seems reasonable to infer that present defense counsel had fully examined the merits of the claim in preparation for the earlier timely suit and has as much information now as he had then. Nothing to the contrary has been suggested.

On the other hand, Mene Grande has submitted an affidavit stating summarily that an eye witness to the accident is now unavailable. There is no indication whether this witness was ever interrogated, whether his testimony is essential to the defense or even whether he would have been available had jurisdiction been obtained promptly in the first suit. The showing about this witness is sketchy and not fully informative.

The court below did not discuss this question of injury in its opinion and made no finding on the relevant evidence. Perhaps the court presumed injury from the fact of delay. But we think that the presence of affirmative evidence pro and con on this issue made appropriate some explicit finding and conclusion on this point. We also think that the evidence itself provided less than a full picture of the alleged prejudice to the defense. In these circumstances we think the most satisfactory procedure will be a partial new trial addressed to this issue. Should it appear that a substantial handicap has been imposed upon the defense by the delay, judgment may again be entered for the defendant If it appears that the delay has not been injurious, then the merits of the unseaworthiness claim and the maintenance and cure claim must be tried.

The judgment will be vacated and the cause remanded for further proceedings consistent with this opinion.