**Helen Reabe SOBOSLE**

**v.**

**UNITED STATES STEEL CORPORATION.**

**No. 230.**

United States District Court
W. D. Pennsylvania.

Nov. 25, 1964.

Hymen Schlesinger, Pittsburgh, Pa., for petitioner.

Ira R. Hill, Pittsburgh, Pa., for U. S. Steel Corporation.

GOURLEY, Chief Judge.

In this admiralty proceeding, the rights of the seaman, Helen Reabe Sobosle, to maintenance and cure were terminated on September 7, 1957, by Order of this member of the Court dated October 3, 1957, because she would not submit to the course of treatment recommended by Dr. Max H. Weinberg, now deceased.

The Order of termination contained the proviso that seaman's right to maintenance and cure would be reinstated upon the certification of Dr. Weinberg that the seaman would submit to the recommended treatment and that said medical treatment could and/or would, within reasonable medical certainty, improve her condition. Agreement by members of her family was also required by the Order of Court.

This is a petition for additional maintenance and cure filed on behalf of the seaman based on the thesis that petitioner has consented to a course of treatment prescribed by Dr. B. J. Johnston who has examined petitioner and recommended certain treatment that will improve her condition.

The Court has considered the record in this proceeding, the oral statements and stipulation of counsel, and it is the considered judgment of the Court that the petition should be denied.

■■■ Petitioner contends that her refusal to submit to treatment prescribed by Dr. Weinberg in 1957 was not voluntarily made because of severe family pressures and mental disturbances which arose as a result of the injuries sustained in the accident which gives rise to this proceeding. However, this member of the Court personally and extensively discussed the question of treatment with the petitioner at the time of hearing in October of 1957, and the Court finds that petitioner voluntarily refused to undergo the prescribed treatment of Dr. Weinberg, and this discharged the obligation of maintenance and cure. Macris v. Sociedad Maritima San Nicolas, S. A., 245 F.2d 708 (2nd Cir., 1957), cert. den. 355 U.S. 922, 78 S.Ct. 364, 2 L.Ed.2d 353.

■■■ The Court finds that petitioner is barred by the doctrine of laches from deriving any relief or reinstating her claim. Claussen v. Mene Grande Oil Co., 275 F.2d 108 (3rd Cir., 1960). Petitioner has taken no action for almost seven years, since the Court entered its Order on October 3, 1957, and this constitutes unreasonable delay. In addition, since during that interval Dr. Weinberg died, this will result in prejudice to the defendant.

## ORDER

Now, therefore, this 25th day of November, 1964, for the reasons expressed in the foregoing Opinion, petitioner's claim for additional maintenance and cure is hereby denied.