Charles NAGLIS
v.
**UNITED STATES LINES COMPANY.**
Civ. A. No. 36584.

United States District Court
E. D. Pennsylvania.
April 19, 1965.

William Bruno, Philadelphia, Pa., for plaintiff.

John T. Biezup, Rawle & Henderson, Philadelphia, Pa., for defendant.

John B. Brumbelow, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for third-party defendant, Northern Metal Co.

KIRKPATRICK, District Judge.

The complaint states that the plaintiff, a longshoreman, was injured on the defendant's ship as a result of the defendant's negligence and the unseaworthiness of the vessel. The defendant has moved to dismiss on the ground that the action is barred by the statute of limitations and laches and that the claim for damages in the exact amount of $10,000. does not give the Court jurisdiction.

The suit was brought two years and three months after the occurrence of the accident. The negligence claim is barred by the Pennsylvania statute of limitations.

As to the claim based on unseaworthiness, the Court of Appeals for this circuit has held that the state statute of limitations may be used as a yardstick or applied as a "rule of thumb" in determining whether the delay constituted laches. In Claussen v. Mene Grande Oil Company, 3 Cir., 275 F.2d 108, the Court held that, if the state statute had run when the suit was begun, the plaintiff, in order to avoid a presumption of laches from so long a delay, must show some justification or special circumstances of the case. He can overcome the presumption by showing either a good excuse or

**956**

explanation for the delay or that the defendant has not been prejudiced by it.

In the present case the amended complaint states no fact which would negative the presumption that the delay was unreasonable.

In order to show absence of prejudice, the complaint avers that "since the accident happened on the defendant's ship, the defendant's employees were at or near the scene of the accident, the defendant was notified in writing of the accident 24 days after the accident, and the defendant made or should have made an immediate investigation of the accident."

The matter of the defendant's knowledge of the time and place of the accident was dealt with by Judge Hastie in the Claussen case, supra, and adverted to in Wounick v. Pittsburgh Consolidation Coal Co., 3 Cir., 283 F.2d 325, 91 A.L.R. 2d 1411. In the Claussen case, trial had been had in the District Court, but the Court of Appeals discussed the evidence pro and con on the question of prejudice and remanded the case for a partial new trial upon this issue.

The presumption of prejudice from the delay which arises from the expiration of the statute of limitations is, after all, no more than a presumption and, if the plaintiff pleads facts which permit a fair inference that no prejudice in fact arose, the complaint should not be dismissed and the question of actual prejudice will be disposed of at the trial, on evidence. I do not think, however, that the mere fact that a defendant having knowledge of an accident at the time it occurred failed to make an investigation of it is enough to negative its contention that it was prejudiced by the delay. There may be circumstances from which the Court can find prejudice even though the defendant has been remiss in looking after its own interests.

If the plaintiff chooses to proceed at law, he will be allowed to amend to claim damages in excess of $10,000. However, this ruling is not to be taken as an expression of opinion that he can recover

at law. If he chooses to transfer the case to the admiralty docket, of course the amount claimed is unimportant.

For the above reasons, it is ordered that the motion to dismiss is denied.