**Arthur L. LIMAN, as Trustee in Bankruptcy of A. H. Bull Steamship Co., Plaintiff,**

v.

**INDIA SUPPLY MISSION, Defendant.**

No. 72 Civ. 2244.

United States District Court,
S. D. New York.

March 15, 1974.

Supplemental Opinion May 29, 1974.

Haight, Gardner, Poor & Havens, New York City, for plaintiff; Charles S. Haight, Jr., New York City, of counsel.

Baker, Nelson & Williams, New York City, for defendant; Francis R. Matera, New York City, of counsel.

### MEMORANDUM

LASKER, District Judge.

This is an action to recover a general average contribution resulting from damage to plaintiff's bankrupt's ship, the S.S. BEATRICE. The damage was sustained when the ship struck a bridge abutment in the St. Lawrence Seaway on October 22, 1962, while carrying cargo belonging to defendant from Chicago to Bombay, India. The ship completed her voyage in the early part of 1963.

To obtain release of its cargo on the BEATRICE's arrival in Bombay, defendant, by letter of November 6, 1962, to the general average adjuster, undertook to pay its general average contribution. (Haight affidavit, exhibit 1.)

The statement of general average was issued on February 12, 1969, and this suit was instituted in May, 1972.

Defendant moves to dismiss on the ground that the action is barred by laches or by the statute of limitations. It contends that the analogous period of limitation, derived from CPLR § 213, McKinney's Consol.Laws c. 8, is six years and began to run in early 1963, when the ship arrived at its destination, and, accordingly, that the suit was brought more than three years after the

statute had run. Plaintiff opposes the motion on three grounds: 1) The applicable analogous statute of limitations is not that of New York, but either that of England or India and, since defendant has introduced no proof as to the law of either, the motion should be denied; 2) the period began to run not when the ship arrived at its destination in early 1963, but when the general average statement was issued in February, 1969, and, accordingly, the suit is not barred even under the New York statute; and 3) even if the analogous period of limitation has run, the doctrine of laches does not require dismissal, unless there has been a showing of prejudice.

Since the action derives from maritime law, the analogous statute of limitations is not determinative of the issue at hand, although it is relevant to the question of laches. Gardner v. Panama R.R. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951); Larios v. Victory Carriers, Inc., 316 F.2d 63 (2d Cir. 1963). Defendant is correct that the analogous statute derives from the law of the forum state. Bournias v. Atlantic Maritime Co., 220 F.2d 152 (2d Cir. 1955); Argyll Shipping Co. v. Hanover Insurance Co., 297 F.Supp. 125 (S.D.N.Y.1968). Accordingly, the law of New York, including its "borrowing statute", CPLR § 202, is applicable. Since the cause of action accrued in India, CPLR § 202 would apply the shorter of the applicable statutes of limitations of India and New York. Accordingly, since defendant claims that the suit is barred under the New York statute, the law of India is irrelevant.

The applicable New York statute, CPLR § 213, provides for a six year limitation period. Plaintiff's contention that the statute began to run when the general average statement was issued is erroneous. In United States v. Atlantic Mutual Co., 298 U.S. 483, 56 S.Ct. 889, 80 L.Ed. 1296 (1936), the Court held that the right to a general average contribution accrues and becomes enforceable when the ship arrives at its port of destination and the cargo is delivered. An undertaking to make a general average contribution does not extend the limitation period (Argyll shipping, supra), nor does the issuance of a general average statement (Atlantic Mutual, supra). Accordingly, the suit would be barred under the applicable statute of limitations.

Defendant contends that the fact that the analogous statute has run creates a presumption of prejudice requiring dismissal unless plaintiff establishes the absence of prejudice. This, however, is not the law. As the Supreme Court stated in Gardner, supra:

"Though the existence of laches is a question primarily addressed to the discretion of the trial court, the matter should not be determined merely by a reference to and a mechanical application of the statute of limitations. The equities of the parties must be considered as well. Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief." 342 U.S. at 30–31, 72 S.Ct. at 13.

Accordingly, the expiration of the analogous statute of limitations does not automatically entitle defendant to dismissal absent a demonstration by plaintiff of lack of prejudice. However, the rule stated in Gardner does not bar dismissal in all cases, but merely requires a weighing of the equities rather than blind reliance on the statute. Impliedly, the passage quoted above permits dismissal where there has been "inexcusable delay."

Discussing Gardner, the Court of Appeals for this Circuit stated in Larios v. Victory Carriers, Inc., 316 F.2d 63, 67 (2d Cir. 1963):

"Even on this approach there may be cases where the plaintiff's evidence as to excuse for the delay is so insubstantial that the court need not call on the defendant to come forward with evidence of prejudice."

Furthermore, the legitimacy of the proffered excuse must be viewed in light of the length of the delay.

 Here, plaintiff filed suit nine years after accrual of the cause of action and three years after the expiration of the statute. It offers two excuses. First, it claims that the fact of bankruptcy disrupted the bankrupt company's activities. However, this disruption did not prevent plaintiff from filing suit against the United States within the far shorter two year period of limitation applicable to such suits. Second, it states that it relied on defendant's undertaking to pay the general average contribution. However, plaintiff waited three years beyond defendant's disavowal of liability. The two excuses are "insubstantial" in the extreme.

Finally, we note that although defendant has not demonstrated substantial prejudice, some prejudice is evident and is, indeed, almost inevitable given the length of the delay. In fact, "[p]laintiff does not deny that, in the circumstances of the case, defendant may be deprived of as wide pre-trial discovery as might otherwise be available." (Reply Affidavit of Charles Haight, attorney for plaintiff, par. 11.)

Accordingly, we find that the length of plaintiff's delay, the weakness of the excuse, and the possibility of prejudice to defendant justifies dismissal under the unusual circumstances of this case.

The complaint is dismissed.

It is so ordered.

## SUPPLEMENTAL MEMORANDUM

 In our preceding memorandum, dated May 15, 1974, in which we dismissed the complaint, we did not decide whether defendants should, as they request, be awarded costs and disbursements. We believe that they are not entitled to such an award. Although we found that the action was dismissable for laches, we do not believe that it was brought in bad faith. Indeed, our earlier opinion notes that the question of laches was a close one. Accordingly, such circumstances do not exist as would justify awarding costs and disbursements against plaintiffs and we decline to do so.

It is so ordered.