█ MEDINA MEDICAL BUILDING, INC., Appellant, v ERIE COUNTY SHERIFF'S DEPARTMENT et al., Respondents.—Order and judgment unanimously affirmed, without costs. Memorandum: Plaintiff appeals from so much of an order and judgment as held untimely its action against the Sheriff's department, Sheriff Amico and Deputy Sheriff Obstarczyk (CPLR 215, subd 1). The action seeks to recover damages for the failure of defendants to complete legal service on plaintiff's mortgagors in a prior foreclosure action. In 1974 the foreclosure papers were delivered to the Sheriff and on May 15, 1974 Deputy Sheriff Obstarczyk, having failed to make personal service on the mortgagors, attempted to make service on them by substituted service (CPLR 308, subd 4) by leaving the papers at the mortgagors' residence and mailing a copy to them. The mortgagors moved to vacate service and dismiss the complaint in June, 1974, and the complaint was dismissed by the court in September, 1974. This action was commenced in July, 1975. The time within which an action must be commenced is computed from the time between when the cause of action accrued and the time when the claim was interposed (CPLR 203, subd [a]). A cause of action for negligence accrues when the personal or property rights of the plaintiff are invaded, and plaintiff's lack of knowledge of the facts does not toll the running of the statute *(509 Sixth Ave Corp. v New York City Tr. Auth.,* 15 NY2d 48; *Schmidt v Merchant's Desp. Transp. Co.,* 270 NY 287; *Schiffman v Hospital for Joint Diseases,* 36 AD2d 31, mot for lv to app den 29 NY2d 483; *Gilbert Props. v Millstein,* 40 AD2d 100). There is no support in the record for plaintiff's contention that defendants fraudulently concealed the improper service in this case. Plaintiff contends that the cause of action did not

accrue until the court had decided that service was inadequate in September, 1974. The defendants' wrong occurred on May 15, 1974. The cause of action accrued when that wrong resulted in plaintiff losing its right to sue its mortgagors, not at some time later when a court ruled on the improper service (Gilbert Props. v Millstein, supra, pp 105-106). Even taking the facts of the mortgage foreclosure action in a posture most favorable to plaintiff, the Statute of Limitations on the foreclosure action expired sometime after May 15, 1974 but before July, 1974, and that cause of action was lost as a result of defendants' improper service more than one year before this action was instituted. (Appeal from order and judgment of Erie Supreme Court—Statute of Limitations.) Present—Marsh, P. J., Cardamone, Simons, Dillon and Witmer, JJ.