**EAZOR EXPRESS, INC., Plaintiff,**

v.

**UNITED STATES of America; Clifford L. Alexander, Jr., Secretary, Department of the Army; the United States Army Corps of Engineers; Lt. Gen. John W. Morris, Chief of Engineers, U.S. Army Corps of Engineers, and Weeks Dredging and Contracting Co., Inc., Defendants.**

No. 78 C 2313.

United States District Court, E. D. New York.

Jan. 15, 1980.

Abourezk, Shack & Mendenhall, P. C. by Thomas G. Shack, Jr., Washington, D. C., and Abberley, Kooiman, Marcellino & Clay by John P. Keegan, New York City, for plaintiff.

Edward R. Korman, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., Gilbert S. Fleischer, Attorney in Charge Torts Branch, Civil Division U. S. Dept. of Justice by Craig S. English, New York City, for Federal defendants.

Lester, Schwab, Katz & Dwyer by Saul Wilensky, and Lawrence M. Honig, New York City, for defendant Weeks.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Defendants in this damage action arising out of the dredging of a waterway adjacent to plaintiff's property move to dismiss the complaint as barred by the applicable statute of limitations and laches. For the reasons set forth below, the motions are granted and the complaint is dismissed.

Plaintiff Eazor Express, Inc. ("Eazor") is the owner of a trucking terminal in Brooklyn, New York, which is adjacent to Newtown Creek, a navigable channel maintained by defendant United States Army Corps of Engineers ("ACE") for the use of commercial vessels. Between April 8 and April 17, 1974, Newtown Creek was dredged to remove accumulated silt by defendant Weeks Dredging and Contracting Co., Inc. ("Weeks") under a contract with ACE. Shortly after completion of the dredging operations, cracks began to appear in the side of the trucking terminal's bulkhead along Newtown Creek due to subsidence of the land beneath, apparently caused by overdredging of the channel.

Plaintiff allegedly spent the next two and a half years investigating the cause of the damage, and then filed a claim for property damage with ACE in November 1976. The claim was denied on April 20, 1978, and six months later, on October 20, 1978, plaintiff filed this action.

■ Turning first to plaintiff's claim against Weeks under the Extension of Admiralty Jurisdiction Act ("EAJA"), 46 U.S.C. § 740 (1948), we note that district court jurisdiction extends to claims of property damage "caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land." For purposes of determining admiralty tort jurisdiction, the Supreme Court has stated that, in addition to a maritime locality, the wrong must "bear a significant relationship to traditional maritime activity." *Executive Jet Aviation v. City of Cleveland*, 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972). See *Kelly v. United States*, 531 F.2d 1144, 1146 (2 Cir. 1976). The federal courts have traditionally exercised their admiralty jurisdiction over claims for damages arising out of the operation and maintenance—including the dredging—of navigable canals and channels, *Ex*

*parte Boyer*, 109 U.S. 629, 3 S.Ct. 434, 27 L.Ed. 1056 (1884); *Gulf Oil Corp. v. The Baltimore*, 47 F.Supp. 770 (E.D.N.Y.1942), aff'd, 142 F.2d 557 (2 Cir. 1944); *Otts v. I.M. Ludington's Sons, Inc.*, 229 F. 538 (2 Cir. 1915); 1 Benedict, Admiralty § 145 (6th ed. 1974), and, since the passage of EAJA, the same result appears proper where, as here, the damage claimed is to plaintiff's adjacent land.[1]

As there is no specific statute of limitations for a claim for property damage brought in admiralty, the doctrine of laches applies, and the court must look to the analogous State statute of limitations for guidance in determining whether plaintiff's claim should be barred by an inexcusable lapse of time. See *Czaplicki v. The Heogh Silvercloud*, 351 U.S. 525, 533–34, 76 S.Ct. 946, 100 L.Ed. 1387 (1956); *Public Adm'r of County of New York v. Angela Compania Naviera S.A.*, 592 F.2d 58, 63 (2 Cir. 1979); *Larios v. Victory Carriers, Inc.*, 316 F.2d 63 (2 Cir. 1963). The analogous statute of New York, the forum state here, is Civil Practice Law & Rules § 214(4) (CPLR), which provides a three-year limit for the commencement of actions to recover damages for injury to property. Plaintiff's claim accrued at the time it was injured by the invasion of its rights—here, at the time of the dredging by Weeks which allegedly caused damage to plaintiff's terminal—and the statute of limitations is not tolled by plaintiff's lack of complete knowledge of the facts. *Schmidt v. Merchants Despatch Trans. Co.*, 270 N.Y. 287, 200 N.E. 824 (1936); *Medina Medical Bldg., Inc. v. Erie County Sheriff's Dept.*, 55 A.D.2d 1026, 391 N.Y.S.2d 257 (4th Dept. 1977). See *Kern v. Hettinger*, 303 F.2d 333, 338 (2 Cir. 1962).[2]

Since this action was commenced in October 1978, approximately four and a half years after the allegedly negligent dredging occurred in April 1974, it is clearly brought well beyond the limitations period of CPLR § 214(4). In these circumstances, however, courts must not resort to a mechanical application of the State statute; rather, they must consider the equities of the parties in determining whether a plaintiff's action is barred by laches. *Gardner v. Panama Railroad Co.*, 342 U.S. 29, 30–31, 72 S.Ct. 12, 96 L.Ed. 31; *Hill v. Bruns & Co.*, 498 F.2d 565 (2 Cir. 1974). The approach to such a determination has been set forth by the Court of Appeals for this circuit:

"When the suit has been brought after the expiration of the state limitation period, a court applying maritime law asks why the case should be allowed to proceed . . . .

\* \* \* \* \* \*

"Moreover, although a plaintiff who has delayed bringing suit beyond the analogous state period has the ultimate burden of persuasion both as to the excuse for his own delay and as to lack of prejudice to the defendant, see Gilmore & Black, Admiralty (1957), 631, these two factors are not to be viewed independently. A weak excuse may suffice if there has been no prejudice . . . .

\* \* \* \* \* \*

"Even on this approach there may be cases where the plaintiff's evidence as to excuse for the delay is so insubstantial that the court need not call on the defendant to come forward with evidence of prejudice." *Larios v. Victory Carriers, Inc., supra*, 316 F.2d at 66–67.

---

1. The court's decision would be the same whether its jurisdiction were based on diversity, 28 U.S.C. § 1332, or on admiralty, 28 U.S.C. § 1333. In diversity, the application of New York's three-year statute of limitations, as discussed below, would bar this suit brought four and a half years after the events that allegedly damaged plaintiff's property. Under New York law, the cause of action accrued at the time of dredging, and, absent fraudulent concealment, which has not been alleged here, plaintiff's lack of complete knowledge concerning its claim does not toll the running of the statutory limit. *Medina Medical Bldg., Inc. v. Erie County Sheriff's Dept.*, 55 A.D.2d 1026, 391 N.Y.S.2d 257 (4th Dept. 1977). See *Kern v. Hettinger*, 303 F.2d 333, 338 (2 Cir. 1962).

2. Plaintiff's reliance on the New York rule concerning the discovery of concealed injuries applied in certain medical malpractice actions does not aid it here, since plaintiff concededly discovered the damage to its property shortly after the completion of the dredging.

Applying these principles, the court concludes that plaintiff has failed to offer an explanation for its delay sufficient to excuse its commencement of this suit more than 17 months after the running of the State statute of limitations. Plaintiff cannot claim that it was not immediately aware of the damage to its property because, by admission of its president, cracks became apparent at the terminal site shortly after the completion of the dredging (Norton Aff., Exh. B). Nor can plaintiff claim it was unable to identify its alleged tortfeasor. In February 1976, more than 14 months before the running of CPLR § 214(4), a construction company retained by plaintiff reported that Weeks had conducted dredging operations in the area in 1974 (Bache Aff. ¶ 4). And on June 26, 1976, an engineering consulting firm retained by plaintiff issued a report which concluded that dredging had caused the subsidence.

Unlike *Hill* and *Larios, supra,* moreover, this is not an action involving seamen unaware of their rights or ill-advised by counsel. Plaintiff is a corporation that was represented in this matter by counsel at least since April 1976, and was able to obtain the intercession of a United States Senator on its behalf in negotiations with ACE. Under these circumstances, plaintiff's claim that the Corps was uncooperative has a hollow ring and can hardly excuse a delay of four and a half years after the initial discovery of injury before the bringing of suit. See *A. Bottacchi, S.A. v. Philipp Bros. Latin Am. Corp.,* 410 F.Supp. 375, 378 (S.D.N.Y.1976).

Although defendant Weeks' assertions of prejudice are not overwhelming, a defendant may not be required to come forward with any evidence of prejudice where, as here, plaintiff's excuses for delay are insubstantial or non-existent. *Larios v. Victory Carriers, Inc., supra,* 316 F.2d at 67; *A. Bottacchi, S.A. v. Philipp Bros. Latin Am. Corp., supra,* 410 F.Supp. at 378. After balancing the equities, the court is of opinion that plaintiff's claim against Weeks is barred by laches.

Plaintiff also contends that its claim against the federal defendants is properly brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.,* and is not time barred. That argument runs counter to the clear law of this circuit.

The Extension of Admiralty Jurisdiction Act, 46 U.S.C. § 740, provides:

"That as to any suit against the United States for damages or injury done or consummated by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action  . . . ."

Since there is no claim here that a public vessel was involved, the Suits in Admiralty Act ("SIAA"), 46 U.S.C. § 742, is the appropriate statute. The SIAA provides in relevant part:

"In cases where if such vessel were privately owned or operated, or if such vessel were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States  . . . ." 46 U.S.C. § 742.

These provisions have been consistently held in this circuit to bring all admiralty claims against the United States within the ambit of the SIAA. *Kelly v. United States, supra,* 531 F.2d at 1149; *Szyka v. U.S. Secretary of Defense,* 525 F.2d 62, 64–65 (2 Cir. 1975). See also *United States v. United Continental Tuna,* 425 U.S. 164, 176 n. 14, 96 S.Ct. 1319, 47 L.Ed.2d 653 (1976); *Roberts v. United States,* 498 F.2d 520 (9 Cir.), *cert. denied,* 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974). This result, moreover, is fully supported by the express prohibition against the application of the FTCA in these circumstances found in 28 U.S.C. § 2680(d), which makes jurisdiction under that act and the SIAA mutually exclusive. *Kelly v. United States, supra,* 531 F.2d at 1149; *Roberts v. United States, supra,* 498 F.2d at 525.

The SIAA provides that suits authorized thereunder must be brought within two years after the cause of action accrues. 46 U.S.C. § 745. As discussed above, plaintiff's claim arose in April 1974 and the action was filed over four years later, in October 1978. Accordingly, the suit is barred under 46 U.S.C. § 745. See *Kelly v. United States, supra.*

Plaintiff argues that its action was timely brought because the dilatory actions of the United States in processing its claim and the alleged failure of ACE to notify it of the applicable limiting period served to toll the running of the statutory limit during the 17 months of the administrative proceedings. It is clear, however, that the provisions of 46 U.S.C. § 745 are jurisdictional and cannot be waived or tolled. *Szyka v. U.S. Secretary of Defense, supra,* 525 F.2d at 65; *T.J. Falgout Boats, Inc. v. United States,* 508 F.2d 855 (9 Cir.), *cert. denied,* 421 U.S. 1000, 95 S.Ct. 2398, 44 L.Ed.2d 667 (1974). The cases cited by plaintiff as authority for a doctrine of equitable tolling either involve extraordinary factual circumstances not present here, or are inapposite.

Finally, plaintiff contends that dismissal under Rule 12(b)(1), F.R.Civ.P., is inappropriate at this stage because the court's jurisdiction depends on controverted and material questions of fact. In the light of the discussion above, there are no substantial factual questions concerning accrual of the cause of action or the government's conduct which suffice to forestall dismissal at this time. Defendants have adequately established, moreover, that the Weeks dredge was a "vessel" for purposes of 46 U.S.C. § 740, since it was a "documented vessel" of the United States at all times relevant to this action (Norton Aff. ¶ 3).[3]

Accordingly, defendants' motions to dismiss the complaint are granted.

SO ORDERED.

---

3. The character of the dredge is corroborated by a United States Coast Guard publication, and is uncontested except for plaintiff's bare claim that a factual issue exists. A party opposing a Rule 12(b)(1) motion, however, cannot rest on a mere denial to raise an issue of fact in the face of such a showing. *Exchange Nat. Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1131 (2 Cir. 1976); *Beal v. Lindsay,* 468 F.2d 287, 291 (2 Cir. 1972).