EDGAR S. KNOX, Appellant, v. ELIZABETH F. BECKFORD, Respondent.— Defendant's motion for summary judgment was granted on the ground that the action was barred by the six-year Statute of Limitations. (Civ. Prac. Act, § 48, subd. 1.) The action was for the services and disbursements of an attorney at law rendered between July 14, 1931, and February 20, 1932. The answer pleaded the six-year Statute of Limitations. On February 18, 1938, a summons and complaint and order for substituted service was served on defendant by a City Court marshal. On February 25, 1938, the return day, this service was set aside because of the failure to file the proper proof of service within the time prescribed by the Albany City Court Act. On February 26, 1938, a new summons between the same parties was issued, and on March 1, 1938, substituted service thereof was made. It is in this latter action that summary judgment has been granted. The appealing plaintiff urges first that the action was saved by section 23 of the Civil Practice Act. That section applies only to an action which has been properly commenced within the time limited therefor. Here the service of the first summons was set aside, consequently an action had not been commenced. Appellant also urges that the delivery of the first summons to the marshal was equivalent to delivery to a sheriff under section 17 of the Civil Practice Act, and that this was equivalent to a commencement of the action before the expiration of the time limit. The City Court of Albany is a court of record. (Albany City Court Act, § 1.) Therefore, section 18 of the Civil Practice Act has no application and the summons should have been delivered to the sheriff as provided in section 17 of the Civil Practice Act. This section was not complied with. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.