Harold J. Crawford, J.
Plaintiff moves for summary judgment. Each of the defendants cross-moves for summary judgment, and defendant Kurzroclc also moves for leave to serve an amended answer, in the form proposed.
The facts are undisputed. Under a written guarantee dated December 10, 1954, defendants, residents of this State, agreed to pay the sum of $3,258.70 to plaintiff’s intestate, one Carl Eisenthal, a resident of the State of Illinois, ‘ ‘ no later than May 15, 1955 ”. Carl Eisenthal died on March 13, 1955. On December 13, 1955, plaintiff was appointed administratrix of his estate by the Probate Court of Cook County in Illinois.
On April 7, 1961, an action in which Carl Eisenthal was the named plaintiff' was commenced in this, court against the defendants in the instant action to recover on the afore-mentioned guarantee. The present plaintiff moved in that action for leave *331 to be substituted as party plaintiff and defendants cross-moved to vacate service of the summons and dismiss the complaint. By order of this court dated November 15, 1961, the motion to substitute was denied and the cross motions were granted. In its memorandum decision dated November 2, 1961, the court wi'ote in pertinent part as follows: “It is elementary that a dead man cannot be a party plaintiff and that, therefore, no action was legally commenced.”
The present action was commenced against defendant Kurzrock on December 12, 1961, and against defendant Scliatzberg on December 30,1961.
The cause of action on the guarantee accrued on May 15, 1955. Since the time limited for commencing an action thereon, i.e., six years, did not expire prior to the death of Carl Eisenthal on March 13, 1955 — indeed, such time had not yet begun to run — the action had to be commenced on or before May 15, 1961. (Civ. Prac. Act, § 20.) It was not commenced until December of 1961 and thus was not timely.
Termination of the prior action did not bring into play the one-year extension provided by section 23 of the Civil Practice Act because “ [t]hat section applies only to an action which has been properly commenced within the time limited therefor ”. (Knox v. Beckford, 258 App. Div. 823, affd. 285 N. Y. 762.) Section 16 of the Civil Practice Act provides that ‘1 An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him”. And “ [t]he service must be legal service. Where attempted service is quashed as being void and not sanctioned by law, there has been no service”. (Baker v. Commercial Travelers Assn., 3 A D 2d 265, 267-268, appeal dismissed 4 N Y 2d 828.) Since service of the summons in the prior action was vacated by the order of this court dated November 15, 1961, that action was not properly commenced.
Accordingly, plaintiff’s motion is denied and defendants’ cross motions are granted. The motion of defendant Kurzrock for leave to serve an amended answer, alleging as a second affirmative defense that plaintiff may not act on behalf of her intestate until she has obtained ancillary letters in this State, is dismissed as academic.