■ EDWARD F. WYDALLIS, Respondent-Appellant, v UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant-Respondent. — Order, Supreme Court, New York County (Burton Sherman, J.), entered March 21, 1983, which denied defendant's motion for summary judgment dismissing the first and second causes of action and granted the motion to dismiss the third cause of action, unanimously modified, on the law, with costs, to dismiss the first and second causes of action and otherwise affirmed. The action was brought to recover on two policies of insurance, the first, an all-risk policy in the face amount of $1,265,000 (first and second causes of action) and the second, a "Comprehensive Dishonesty, Disappearance and Destruction Policy" in the face amount of $25,000 (third cause of action). Plaintiff, a resident of New Jersey, is a former officer and director of Puritan Industries, Inc., the named insured, and is the assignee of Puritan's interest in the property alleged to be missing or stolen or both. Puritan, a New York corporation, had its principal place of business in Auburn, Massachusetts, the situs of the property alleged to have been lost or stolen during March, 1979. Although the record is not at all clear as to when the assured became apprised of the loss, Puritan did have knowledge, at the latest, on June 2, 1980, when, through counsel, it notified the insurer that it discovered that goods were missing. The loss had apparently not been previously ascertained when Puritan went out of business in the spring of 1979. On November 24, 1980, plaintiff brought suit on the policies, attempting to effect personal service upon the insurer by serving its attorney, at his law office in Boston, Massachusetts, during settlement negotiations as to the claim. Defendant interposed an answer, alleging, *inter alia,* lack of personal jurisdiction due to improper service of process. Following a hearing before a referee, Special Term dismissed the action, finding jurisdiction had not been acquired and we affirmed (95 AD2d 753). This action, identical in all material respects to the first action, was commenced October 1, 1982. Defendant answered and

moved for summary judgment, dismissing the complaint as barred by the two-year limitations period contained in each policy. The all-risk policy is a Massachusetts standard policy issued in that State and provides for a two-year period within which an action must be commenced: "No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred * * * If suit or action upon this policy is enjoined or abated, suit or action may be commenced at any time within one year after the dissolution of such injunction, or the abatement of such suit or action, to the same extent as would be possible if there was no limitation of time provided herein for the bringing of such suit or action." The comprehensive dishonesty policy likewise provides for a two-year period to institute suit: "No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this Policy, nor until ninety days after the required proofs of loss have been filed with the Company, nor at all unless commenced within two years from the date when the Insured discovers the loss." We agree with Special Term's dismissal of the third cause of action to recover on the comprehensive dishonesty policy. On this record, it appears that the insured discovered the existence of the loss, at the latest, on June 2, 1980. The action, commenced in October, 1982, beyond the contractual limitations period, is time barred. CPLR 205 (subd [a]) directs that where an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff may commence a new action upon the same cause of action within six months after the termination. On the facts of this case, where the first action had been dismissed for lack of personal jurisdiction, the statute does not apply to afford plaintiff an additional six-month period since the first action had not been properly commenced (see *Erickson v Macy,* 236 NY 412; *Knox v Beckford,* 167 Misc 200, affd 258 App Div 823, affd 285 NY 762; *Baker v Commercial Travelers Mut. Acc. Assn.,* 3 AD2d 265, app dsmd 4 NY2d 828; cf. *Amato v Svedi,* 35 AD2d 672). We find the record insufficient to support plaintiff's claim that the extensive proceedings between the parties in the prior litigation should operate to estop defendant from relying upon the contractual limitations period as a defense. When the first action was commenced, the insurer raised the jurisdictional objection well before expiration of the two-year period contained in the policy and, in lieu of protracted litigation on the issue, plaintiff could have easily then challenged that defense or timely effected proper service, particularly since service could have readily been made by serving the Superintendent of Insurance (Insurance Law, § 59). Nor is the two-year limitations period offensive in a public policy sense (see *Bargaintown, D. C. v Bellefonte Ins. Co.,* 54 NY2d 700; *Proc v Home Ins. Co.,* 17 NY2d 239). The same time period is provided for in New York's standard fire policy (Insurance Law, § 168, subd 5) and is valid and enforceable in Massachusetts (see *Goldsmith v Reliance Ins. Co.,* 228 NE2d 704; *J. & T. Enterprises v Liberty Mut. Ins. Co.,* 428 NE2d 131). However, we disagree with Special Term's denial of the motion to dismiss the first two causes of action. Plaintiff argues that New York's six-year statute, applicable to contract actions (CPLR 213, subd 2), renders this action timely, since the Massachusetts standard policy only restricts the two-year limitation to the commencement of a suit or action "in this commonwealth". To the contrary, the cited language, mandated by Massachusetts law, does not afford a greater period of time to the assured to institute suit in some other jurisdiction where personal jurisdiction over the insurer can be obtained. An insurance policy is to be interpreted in light of "the reasonable expectation and purpose of the ordinary business man when making an

insurance contract" (*Burr v Commercial Travelers Mut. Acc. Assn.*, 295 NY 294, 301), with the language used given the meaning "which would be given it by the average man" (*Berkowitz v New York Life Ins. Co.*, 256 App Div 324, 326). We recently observed in another context in *Facet Inds. v Wright* (95 AD2d 262, 266): "However, if the language used is clear and there is no uncertainty in interpreting the extent of coverage, the court should not create ambiguity when none exists, since to so construe the policy would vary the contract contrary to the intention of the parties (*Breed v Insurance Co. of North Amer.*, 46 NY2d 351, 355). Where the language employed is unequivocal, the contract should be interpreted to give effect to the intention thus expressed by the parties." As applied here, the clear intention of the policy was to preclude any suit unless commenced within two years from the time of the loss and, consistent with that purpose, the proscription in terms of time extends to any action in any jurisdiction where the insurer was amenable to suit. Any contrary construction under the facts of this case would unnecessarily promote forum shopping. Moreover, the dismissal of the first action for lack of personal jurisdiction upon a finding that there had been improper service of process was not an "abatement" of that action so as to authorize the reinstitution of suit within the terms of the Massachusetts policy. A rational construction of the clause requires that the first action had to be properly commenced. Inasmuch as jurisdiction was never obtained, in effect, there was no prior action, properly commenced, which could be "abated" within the meaning of the policy (cf. *Erickson v Macy, supra; Baker v Commercial Travelers Mut. Acc. Assn., supra; Knox v Beckford, supra*). Concur — Sandler, J. P., Ross, Carro, Fein and Kassal, JJ.